THE ANDREW ANSALDI COMPANY *v.* PLANNING
AND ZONING COMMISSION OF THE TOWN
OF MANCHESTER ET AL.
(13202)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued January 13—decision released April 12, 1988

*Rolland Castleman,* with whom was *Robbin Murdock-Meggers,* for the appellant (plaintiff).

*Joel M. Fain,* with whom were *Joseph P. Capossela* and, on the brief, *John W. Cooney,* corporation counsel, for the appellees (defendants).

CALLAHAN, J. The plaintiff, the Andrew Ansaldi Company, has filed the instant appeal from a judgment of the trial court, *Noren, J.,* dismissing its appeal from a decision of the Manchester planning and zoning commission (commission). In ruling upon the motion to dismiss of the intervening defendants, Werner Kunzli and Arthur J. Gottier, the trial court concluded that it

lacked subject matter jurisdiction over the appeal because the plaintiff failed to serve a true and attested copy of the appeal upon the chairman or clerk of the commission as required by General Statutes (Rev. to 1985) § 8-28 (a), as amended by Public Acts 1985, No. 85-284.[1] We agree.

The relevant facts are not in dispute. In June, 1986, the commission approved the resubmitted application of Frechette, Martin, Rothman and Golas for the approval of a subdivision to be known as Keeney Heights. The Keeney Heights subdivision is located, at least in part, within an area of Manchester known as the Folly Brook Watershed or the Folly Brook Drainage area. At the time the commission approved the Keeney Heights subdivision, the plaintiff was a lower riparian owner and claimed to have suffered property damage caused by the development of real estate located upstream within the Folly Brook Watershed area. The plaintiff appealed the approval of the Keeney Heights subdivision to the Superior Court claiming that the commission had acted illegally, arbitrarily, and contrary to its own regulations and General Statutes § 8-25 by approving the subdivision without proper provisions for drainage and flood control. In addition, the plaintiff alleged that the commission had abused its discretion by refusing to hold a public hearing regarding the Keeney Heights subdivision despite the plaintiff's request.

In initiating the appeal, the plaintiff's citation commanded the sheriff to summon the planning and zoning commission to appear before the Superior Court within and for the judicial district of Hartford-New Brit-

---

[1] General Statutes § 8-28 (a) provides in pertinent part: "APPEAL FROM PLANNING COMMISSION TO SUPERIOR COURT. REVIEW BY APPELLATE COURT. (a) . . . Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said commission, and by serving a true and attested copy upon the clerk of the municipality."

ain at Hartford on July 22, 1986, "by leaving with or at the usual place of abode of the Chairman or Clerk of that Commission, a true and attested copy of the complaint and of this citation . . . . " No service was ever attempted or made upon the chairman or clerk of the commission despite the specific direction in the citation. In addition, the citation failed to mention, in any capacity, the clerk of the municipality as required by § 8-28 (a). Nevertheless, the sheriff personally served Edward Tomkiel, the town clerk of Manchester, with true and attested copies of the citation and complaint.

Prior to the appeal being heard, Kunzli and Gottier, who were under contract to purchase the Keeney Heights subdivision, filed a motion to intervene as party defendants that was granted by the trial court. Thereafter, the intervening defendants moved to dismiss the plaintiff's appeal on the grounds that: (1) the appeal was not served upon the chairman or clerk of the commission as required by statute; (2) the citation failed to direct service upon the town clerk of Manchester as required by statute; and (3) the plaintiff failed to provide a proper bond with surety.

The principal issue raised by this appeal is the plaintiff's noncompliance with § 8-28 (a) because of the failure to have served the chairman or clerk of the planning and zoning commission, and because of the failure to have named the clerk of the municipality in the citation. We find our recent decision in *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), as affirmed by *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), dispositive.[2] In *Simko I* and *Simko II*, this court held

---

[2] While *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987), and *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 538 A.2d 202 (1988), did not specifically address the issue of an appellant's failure to make service upon the chairman or clerk of the board (or commission)

that the chairman or clerk of the zoning board, or commission, *and* the clerk of the municipality are necessary parties to the initiation of a zoning appeal and both must be properly cited and served as required by § 8-8 (b) as amended by Public Acts 1985, No. 85-284. *Simko I,* supra, 418–19; *Simko II,* supra, 377, 382. Further, we held that the failure to comply strictly with the provisions of § 8-8 (b) as amended renders the appeal subject to dismissal. *Simko I,* supra, 421; *Simko II,* supra, 383.

General Statutes (Rev. to 1985) § 8-28 (a) was also amended by Public Acts 1985, No. 85-284, and, as amended, contains language identical to the language of § 8-8 (b) that was interpreted in *Simko I* and *Simko II.*

Consequently, we conclude that the plaintiff's appeal was jurisdictionally defective under § 8-28 (a), as amended, because of the plaintiff's failure to serve the chairman or clerk of the commission and its failure to cite the clerk of the municipality. The trial court did not err when it granted the motion to dismiss filed by the intervening defendants.[3]

There is no error.

In this opinion, PETERS, C. J., and HULL, J., concurred.

SHEA, J., with whom COVELLO, J., joins, concurring. In *Simko v. Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*), and *Simko v. Zoning*

as required by General Statutes § 8-8 (b), we find the legal analyses and reasoning fully applicable here. Section 8-8 (b) places the chairman or clerk of the zoning board on the same footing as the clerk of the municipality. Thus the failure properly to cite and serve either is a jurisdictional defect that renders the appeal subject to dismissal under either General Statutes § 8-8 (b) or § 8-28 (a).

[3] In light of our holding, we need not address the third issue raised by the defendants regarding the alleged defective nature of the bond with surety posted by the plaintiff in this appeal.

*Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (*Simko II*), a majority of this court held that the change from "or" to "and" effectuated by the 1985 amendment to General Statutes § 8-8 (b), making service upon the town clerk as well as the chairman or clerk of a zoning board of appeals mandatory, was intended, despite the paucity of any textual foundation or supporting legislative history, to make the clerk of the municipality a necessary party to an appeal from a zoning board of appeals, and that he must be named in the citation, even though service has been made upon him as the statute specifies. *Simko I,* supra, 418–19; *Simko II,* supra, 382. In the present case the majority has extended the holding of *Simko I* and *Simko II* to declare that the chairman or clerk of a zoning commission, upon either of whom service of notice of an appeal from the commission, in addition to service upon the town clerk, is mandated by General Statutes § 8-28 (a), is also a necessary party to a zoning appeal. By now declaring expressly that "the chairman or clerk of the zoning board or commission *and* the clerk of the municipality are necessary parties to the initiation of a zoning appeal and both must be properly cited and served," the majority opinion answers a question left unresolved by *Simko I* and *Simko II.* See *Simko II,* supra, 386 (*Shea* and *Covello, Js.,* dissenting).

The majority holding in this case that either the chairman or, alternatively, the clerk of a zoning board is a necessary party who must be cited to appear and respond to the appeal, rather than simply an agent for service upon the zoning board that has been so cited, raises more questions than it answers. What interest would the chairman or clerk have in the appeal as an individual to support his presence as a party in the litigation? In the event of an adverse determination of the appeal in the trial court, can such a "necessary party" seek in his own right appellate review by a higher court

or would his appeal be subject to dismissal for lack of a justiciably cognizable interest?

In responding in *Simko II,* supra, 382, 383, to similar concerns about the lack of any personal interest of a town clerk in a zoning appeal, despite the holding that he is not an agent for service on the zoning board but a "statutorily mandated, necessary party to the proper institution of an appeal," the majority concluded that the legislative purpose of the 1985 amendment was "to ensure that the municipality will receive adequate notice and have sufficient opportunity to be bound and protect the interests of the public where necessary." Such a purpose, of course, is more compatible with the role of the town clerk as an agent for service on the municipality than as a party to the appeal who must be cited to appear. The present majority opinion, however, does not attempt to rationalize its present holding that the chairman or clerk of a zoning board, neither of whom ordinarily has any individual interest in the controversy, is also a "necessary party" rather than merely an agent for service on the board. The theory advanced by the *Simko II* majority for making the town clerk a party, to provide notice of the appeal to the municipality so that it need not rely on the zoning board to protect its interests, is hardly applicable to explain why the chairman or clerk of the board must be regarded as a "necessary party." If the purpose is simply to provide notice of the appeal to the zoning board, that objective is adequately fulfilled simply by treating the chairman or clerk as an agent for service upon the board. Accordingly, I do not join in this latest chapter authored by the majority in the *Simko* saga.

Despite my continuing disagreement with the majority's construction of the 1985 amendments to §§ 8-8 (b) and 8-28 (a) as making "necessary parties" of the town officials upon whom service of notice of the appeal is dictated, in this case, unlike *Simko I* and *Simko II,* ser-

vice was never made upon either the chairman or the clerk of the zoning commission, as § 8-28 (a) plainly requires in addition to service upon the town clerk. For many years this court has held that the failure to follow strictly the procedure specified for exercising a statutory right of appeal deprives the court of subject matter jurisdiction. *Basilicato* v. *Department of Public Utility Control*, 197 Conn. 320, 322, 497 A.2d 48 (1985). This principle has often been applied in instances where the plaintiff has failed, as in this case, to comply with the provisions for service of an appeal and has been deemed to necessitate its dismissal for lack of subject matter jurisdiction. Id.; *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 339, 170 A.2d 732 (1961).

Despite the array of precedent in this state supporting the dismissal of the appeal in this case for failure to satisfy the service requirements of § 8-28 (a), it must be conceded that this well established doctrine is wholly at variance with the general conception of subject matter jurisdiction as relating only to the class of cases that a court is authorized to decide. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." *C.S.E.A., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973). "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 414 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Outside the domain of administrative appeals, this court has maintained the distinction betweeen jurisdiction of the subject matter and of the person. Jurisdiction over the person, which is implicated by defective service upon a party, can be waived and is ordinarily deemed to have been waived by failure to raise a rea-

sonable objection. Jurisdiction over the subject matter, however, cannot be waived or conferred by consent, since it is properly defined as involving only the governmentally established authority of the tribunal.

In the case before us the defect of service, which forms the basis for the dismissal for lack of subject matter jurisdiction, in any other proceeding but an administrative appeal would have been regarded as affecting only jurisdiction over the person of the defendant zoning commission. The commission in an ordinary civil action would be deemed to have waived this defect by filing an appearance and failing to object at any time to the plaintiff's noncompliance with the statutory service requirements. The motion to dismiss of the intervening defendants, which is the basis for the judgment of dismissal, would be subject to the infirmity of lack of standing by those defendants to raise the issue of defective service upon another party, especially where it has been waived by that party. No good reason, except adherence to our precedents, has been suggested for this incongruity between ordinary civil actions and administrative appeals in the treatment of deviations from statutorily prescribed procedures for initiating the proceedings. Courts of many other jurisdictions have considered such factors as waiver, substantial compliance and lack of prejudice in deciding whether dismissal of an administrative appeal is appropriate for failure to follow statutorily prescribed service requirements and have not automatically treated every deviation therefrom as implicating subject matter jurisdiction. *Application of Bennion,* 97 Idaho 764, 554 P.2d 942 (1976); *McLaughlin* v. *Zoning Board of Appeals,* 351 Mass. 678, 223 N.E.2d 521 (1967); *Raia* v. *Board of Appeals,* 4 Mass. App. 318, 347 N.E.2d 694 (1976); *Kelley* v. *Hopkinton Village Precinct,* 108 N.H. 206, 231 A.2d 269 (1967); *Tonko* v. *Vissers,* 21 N.J. 226, 121 A.2d 502 (1956); *Board of Adjustment* v. *Shore,* 207

Okla. 381, 249 P.2d 1011 (1952); *Graack* v. *Board of Supervisors,* 17 Pa. Commw. 112, 330 A.2d 578 (1975); *Appeal of Raoul Maurice,* 117 Vt. 264, 90 A.2d 440 (1952).

I believe this court took the wrong course many years ago when we began to treat virtually every deviation from the statutory norm as a defect that deprives a court of subject matter jurisdiction and thus to be unwaivable by the parties or subject to such considerations as lack of prejudice that are applied in other proceedings. We have been traveling down this path for too long, however, to turn back at this late time without some legislative direction. Hopefully, in the aftermath of *Simko I* and *Simko II,* the legislature has become aware of how we have been construing the statutes it has enacted specifying the procedures to be followed in exercising the right to appeal from decisions of administrative agencies. Since these procedures are commonly set forth in imperative language, it has not been wholly unreasonable to give them mandatory import and thus to regard any nonconformity as fatal to the appeal even though, at least, with respect to service requirements, such a result was far from inevitable.

Centuries ago the common law courts of England similarly insisted upon rigid adherence to the prescribed forms of action, resulting in the defeat of many suits for technical faults rather than upon their merits. Some of that ancient jurisprudence migrated to this country with the settlers and has affected the development of procedural law in this state. Beginning in the middle of the nineteenth century, however, our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an opportunity for cases to be

resolved on their merits rather than dismissed for some technical flaw. Some of these enactments are our statutory provisions for amendment of any defect in the writ, complaint, pleadings "or other parts of the record or proceedings"; General Statutes §§ 52-128 and 52-130; our prohibition against abatement of a writ or reversal of a judgment "for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court"; General Statutes § 52-123; our accidental failure of suit statute, permitting a new action to be commenced after the original action has been defeated "for any matter of form"; General Statutes § 52-590; and our statutes prohibiting the defeat of any action for nonjoinder or misjoinder of parties and allowing additional parties to be summoned in when necessary for a complete determination of a controversy. General Statutes §§ 52-108 and 52-107. For reasons that are not entirely clear, these provisions usually have not been deemed applicable to save administrative appeals not complying with statutory procedural specifications.

The legislature, undoubtedly by now aware of the consequences of our draconian application of the mandatory form used in the statutes delineating the procedural requirements for administrative appeals, has chosen thus far not to enact any remedial legislation in this area. Consequently, much as I deplore the jurisprudential path we have taken, I am constrained to continue upon it until such time as we may be directed otherwise by legislative authority.

Accordingly, I concur in the result reached by the majority that the trial court did not err in dismissing the plaintiff's appeal for lack of subject matter jurisdiction because of the failure to comply with the service requirements of § 8-28 (a).