[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE AND SET ASIDE DISMISSAL (#107)
This motion is before the court on plaintiff's motion to vacate and set aside dismissal on the grounds that service of process was made on three of the four parties within fifteen days pursuant to Connecticut General Statutes 8-86 and that late service on the Bridgeport City Clerk was not a jurisdictional defect.
On October 24, 1989, the defendant, 11-21 Clinton Avenue Associates, filed a motion to dismiss this appeal for lack of subject matter jurisdiction, pursuant to Connecticut Practice Book 142 on the grounds that the appeal was not filed within fifteen days of the date of publication as required by Connecticut General Statutes 8-8 (a). This court, Maiocco, J., by memorandum of decision filed June 6, 1990, dismissed plaintiff's appeal because the return of service of process as on file revealed that service was not made until August 30, 1989, which was more than fifteen days from the August 13, 1989 notice of publication date.
Donald W. Mattice, Deputy Sheriff, has filed an affidavit in support of an amended return of service dated August 23, 1989 and August 30, 1989. In the affidavit, Sheriff Mattice states that "on August 23, 1989 he served a true and CT Page 574 attested copy of the original Citation and Appeal Complaint on the Clerk of Bridgeport Zoning Board of Appeals, on the Bridgeport Town Clerk, and on 11-21 Clinton Avenue Associates" (see paragraph 2). He further states that "on August 30, 1989 . . . he served a true and attested copy of the original Citation and Appeal Complaint on the Bridgeport City Clerk." (See paragraph 3.)
Public Act No. 90-286 provides as follows:
 (b) Except as provided in subsections (c) and (d) of this section and sections 7-147
and 7-147i, any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be COMMENCED BY SERVICE OF PROCESS IN ACCORDANCE WITH SUBSECTIONS (e) AND (f) OF THIS SECTION within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner AND WITHIN THE SAME PERIOD OF TIME as prescribed for civil actions brought to that court. (Emphasis added.)
The "taking of an appeal" requires service of process not merely filing appeal papers in Superior Court. In the present case, the notice of publication date was August 13, 1989. Deputy Sheriff, Donald W. Mattice, made service of process on August 23, 1989 on the Clerk of Bridgeport Zoning Board of Appeals, the Bridgeport Town Clerk, and on 11-21
Clinton Avenue Associates. The service made on August 23, 1989 was within the fifteen days of notice of publication date of August 13, 1989. However, the Bridgeport City Clerk was not served until August 30, 1989.
Connecticut Public Acts No. 88-79 (1988), effective April 20, 1988, repealed Connecticut General Statutes 8-8 and8-28. Connecticut Public Acts No. 88-79, 1(b), which repealed8-8, provides in part that "service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board, and shall not thereby make such clerk a necessary party to such appeal. . . ." Connecticut Public Acts No. 88-79, 2(a), which repealed 8-28, contains language identical to 1(b).
The legislature, when it enacted Connecticut Public Acts No. 88-79 (1988), in response to the Connecticut Supreme CT Page 575 Court's decisions in Simko v. Zoning Board of Appeals [Simko I],205 Conn. 413 (1987), and Simko v. Zoning Board of Appeals [Simko II], 206 Conn. 374 (1988) (failure to properly cite and serve the clerk of the municipality as required by Connecticut General Statutes 8-8 (b) is a jurisdictional defect that renders a zoning appeal subject to dismissal), "clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service." Ilvento v. Frattali, 210 Conn. 432, 434 (1989); see also Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 487 (1988). Accordingly, the supreme court, in light of the enactment of Connecticut Public Acts 88-79 has recently held that the trial court erred in dismissing an appeal from a decision of the planning and zoning commission for lack of jurisdiction where the plaintiffs failed to cite the chairman or clerk of the commission in their appeal, but did cite the commission and left a "true and attested copy" y" of the appeal with its chairman. Ilvento, 210 Conn. at 434. The general assembly, therefore, has effectively nullified the Simko decisions as to any zoning appeal taken pursuant to Connecticut General Statutes 8-8, 8-9
and 8-28 after April 20, 1988, the effective date of the Act.
Prior to the enactment of Public Act 88-79, the court held that failure to properly cite and serve the clerk of the municipality, as required by 8-8 (b)f is a jurisdictional defect that renders a zoning appeal subject to dismissal. Simko,206 Conn. at 383; and that failure to serve the chairman or clerk of the commission and failure to cite the clerk of the municipality is a jurisdictional defect which renders the appeal subject to dismissal. Ansaldi Co. v. PZC, 207 Conn. 67, 70 (1988). See Schwartz v. PZC, 208 Conn. 146, 150 (1988) for citation which is factually distinguishable from Simko I and Simko II. See also Capalbo v. Planning and Zoning Board of Appeals, 208 Conn. 480,549 (1988).
In an appeal from a zoning board decision, the successful applicant to the board is a necessary party; however, the failure to cite or serve the applicant does not result in lack of subject matter jurisdiction and require dismissal of the appeal. Fong v. Zoning Board of Appeals, 212 Conn. 628, 635
(1989).
In the present case, the defendant Zoning Board of Appeals was notified of such appeal. Both the Bridgeport Town Clerk and the Clerk of the Zoning Board of Appeals were served with process on August 23, 1989. Therefore, service on the Bridgeport City Clerk was for the purpose of providing additional notice of such appeal to the defendant Zoning Board of Appeals. The City Clerk of the City of Bridgeport was not a CT Page 576 necessary party to such appeal. Therefore, consistent with the holding in Fong, supra, the failure to serve the Bridgeport City Clerk does not result in lack of subject matter jurisdiction and does not require dismissal of the appeal.
Consequently, based on the sheriff's amended return of service, the court now finds that this appeal was "taken" within fifteen days of notice of the publication date of August 13, 1989, as the necessary parties were served with process on August 23, 1989. Further, service on the Bridgeport City Clerk on August 30, 1989, beyond the fifteen day period, does not result in a jurisdictional defect because the City Clerk is not a necessary party.
For the above reasons, the court's previous dismissal of the plaintiff's appeal, filed June 6, 1990, is hereby vacated and set aside. The plaintiff's motion is granted accordingly.
JOHN P. MAIOCCO, JR., JUDGE