[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. NATURE OF THE PROCEEDINGS
This is a zoning appeal brought pursuant to Conn. General Statutes Sec. 8-8. The plaintiffs appeal from the Westbrook Zoning Board of Appeal's (hereinafter the "Board") September 27, 1989 denial of an application for variances of Westbrook Zoning Regulations Sections 601.3, 601.4 and 601.5, and and from the denial of an application for reversal of the Westbrook zoning enforcement officer's denial of a certificate of zoning compliance. (Record Item 8). CT Page 1832
II. FACTS
On March 22, 1989, the defendant Board granted the plaintiffs variances of the front yard, side yard and rear yard setback requirements (R.O.R. Item 6, Westbrook Zoning Regs. Secs. 601.3, 601.4 and 601.5, respectively) for property located at 8 Striper Avenue, Westbrook, Connecticut. The one family dwelling located on these premises was a pre-existing non-conforming structure as to these set-back requirements and the plaintiff Charton wished to build a second floor onto the dwelling for use as storage space.
After obtaining these variances, the plaintiff E A Builders (hereinafter "builder") began construction according to the plans submitted to the defendant Board. (R.O.R. Item 9). After construction was started, the plaintiff builder learned that the exterior stairway called for by the plans was too steep and would not meet the state building code requirements. (R.O.R. Item 7, at p. 2). The plaintiff determined that it would be necessary to move the exterior door leading from the stairway into the second floor farther down the side of the building so as to allow for a more gradual incline of the stairway. (R.O.R. Item 7 at p. 2). As a result of this relocation of the doorway, it was necessary to increase the height of the knee walls from 5' (as called for by the original plans) to 6'4". (R.O.R. Item 8). In addition, the slope of the roof was "flattened" so that the overall height of the structure was decreased from 25' (according to the original plans) to 24'6" (according to the changed plans). (R.O.R. Item 8).
Prior to constructing these changes, the plaintiff E A Builders notified in writing the "building, zoning and sanitation department of the town of Westbrook" of the need to raise the knee walls to 6'4 1/2". (Plaintiff's exhibit A). The plaintiff builder also met with the town sanitarian and zoning enforcement officer and advised them of the needed changes. (R.O.R. Item PH2) The town zoning enforcement officer gave the plaintiff builder permission to change the height of the knee walls (R.O.R. Item PH2). The plaintiff builder then constructed the addition with these changes.
Thereafter, the town zoning enforcement officer was told by the zoning commission chairman that these changes required additional variances from the defendant Board. (see transcript of May 24, 1989 ZBA meeting at pp. 2-3, contained in R.O.R. of companion case, Charton v. Westbrook ZBA, D.N. 54886). The plaintiffs then filed an CT Page 1833 application dated May 2, 1989 with the defendant Board for variances of the front, side and rear yard set-backs, which application was heard and denied by the defendant Board on May 24, 1989. This May 24, 1989 decision is the subject of the appeal in the companion case, Charton v. Westbrook ZBA, D.N. 54886, which has been consolidated with this case by order of the court (Higgins, J.) dated January 2, 1990.
Subsequently on June 20, 1989, the plaintiff Charton applied for a certificate of zoning compliance. (plaintiff's exhibit B). This application was denied by the zoning enforcement officer on July 19, 1989, with the comment "variance granted for 5' knee walls; increase to 6'4" knee walls requires new variance." (plaintiff's exhibit B). This decision by the zoning enforcement officer was appealed to the defendant Board by the plaintiffs by application dated August 19, 1989. (R.O.R. Item 8). The defendant Board's September 27, 1989 decision to uphold this denial of a certificate of zoning compliance is the subject of this appeal. (R.O.R. Item 3, decision of Board).
At the same time that the plaintiffs applied to the defendant Board of Appeal the decision of the zoning enforcement officer, the plaintiffs applied (again) for variances of the rear, side and front yard set-back requirements. (R.O.R. Item 8). The defendant Board denied these variances in the same September 27, 1989 decision. (R.O.R. Item 3). This denial is also the subject of this appeal.
The reasons stated by the defendant Board for its decision to deny the variances were: "The members felt the proposed storage space was too large for the size of the dwelling, also that an adequate hardship to warrant the variance was not shown." (R.O.R. Item 3). No reasons were stated for the decision to uphold the decision of the zoning enforcement officer.
In their brief, the plaintiffs argue: that no variance was necessary in the first place in order to add a second floor to the subject dwelling, since the addition did not increase the set-back non-conformities because it was within the footprint of the existing building; that the defendant Board is estopped from upholding the zoning enforcement officer's denial of a certificate of zoning compliance because the plaintiffs acted in reasonable reliance on her prior approval; that the defendant Board acted illegally, arbitrarily and in abuse of its discretion in finding that the changes to the addition were not within the scope of the initial variances granted by the Board on March 22, 1989; that the defendant Board acted illegally, CT Page 1834 arbitrarily and in abuse of its discretion in denying the plaintiffs' requests for the same variances granted by the Board on March 22, 1989; and that the zoning enforcement officer's denial of a certificate of zoning compliance after giving prior approval constitutes a hardship which requires the granting of the variances.
Notice of the Board's decisions was published on October 12, 1989, (paragraph 10 of plaintiffs' (complaint) which was admitted in paragraph 3 of the defendant's answer.
Defendants were served on October 20, 1989 and the instant appeal was filed on October 27, 1989. Therefore, it is determined that the applicants timely appealed to this court for judicial review of the Board's decision pursuant to Section 8-8 of the Conn. General Statutes.
The defendant: Board argues in its brief (which incorporates the arguments set forth in its brief submitted in the companion case Charton v. Westbrook ZBA, D.N. 54886) that the defendant Board is not estopped by the action of the zoning enforcement officer, because the zoning enforcement officer did not have the authority to approve changes in a variance; that the record is devoid of evidence of sufficient hardship, since any hardship experienced by the plaintiffs was self-created; that the plaintiffs never asked the Board to rule on whether a variance was necessary in the first place; and that adding a second floor to a non-conforming structure is an expansion of the non-conformity and that it was within the Board's broad discretion to so determine.
The plaintiff requests this court to: reverse the decision of the defendant Board and direct the defendant Board to overturn the decision of the zoning enforcement officer; reverse the decision of the defendant Board and direct the defendant Board to grant the plaintiffs' application for variances.
III. DISCUSSION
A. In General:
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id; see also Capalbo v. Planning and Zoning Board CT Page 1835 of Appeals, 208 Conn. 480, 484 (1988); Andrew Ansaldi Co. v. Planning Zoning Commission, 207 Conn. 67 (1988). This appeal was properly brought pursuant to Section 8-8 of the Conn. General Statutes.
B. Aggrievement:
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317,321 (1987). Plaintiff Carl Charton is the owner of the subject property. (see certified copy of deed, marked plaintiff's exhibit C). Plaintiff E A Builders alleges that it was the general contractor for the construction which is the subject of this appeal and that it was the applicant for the foregoing variances and certificate of zoning compliance. (Note: R.O.R. Item 8 is the subject application to the ZBA and shows the applicant as being Edward J. Janicki. Edward J. Janicki testified at the evidentiary hearing held before the court (Arena, J.) on July 11, 1990 that he is the owner of E A Builders). From the evidence presented at the court hearing on July 11, 1990, this court finds that the appellant, Carl Charton is the owner of the subject property and, therefore statutorily aggrieved.
C. Scope of Review:
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572 (1988); Parks v. Planning Zoning Commission,178 Conn. 657, 663 (1979). The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of its discretion. Frito Lay, Inc., 206 Conn. at 573; Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 165
(1989).
The plaintiff has the burden of proof as to the existence of any abuse. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
D. Estoppel:
"(I)n special circumstances, a municipality may be estopped from enforcing its zoning regulations." West Hartford v. Rechel, 190 Conn. 114, 121 (1983); Zoning Commission v. Lescynski, 188 Conn. 724, 731-32 (1982). In municipal zoning cases, "estoppel may be invoked `(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority CT Page 1836 in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulation.'" West Hartford v. Rechel, 190 Conn. at 121, quoting Lescynski, 188 Conn. at 732.
 (A)ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to include another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury.
Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 138
(1987), quoting Lescynski, 188 Conn. at 731.
The plaintiff's claim that the defendant Board should be estopped from denying a certificate of zoning compliance and variances of the set-back requirements found in Regs. Sections 601.3, 601.4 and 601.5 because their violation of these regulations has been induced by the town's zoning enforcement officer.
Conn. General Statute Sec. 8-3 (e) provides: "The zoning commission shall provide for the manner in which the zoning regulations shall be enforced." Westbrook Zoning Regulations Sec. 1201 provides in pertinent part:
Section 1201 — Enforcement:
 These Regulations shall be enforced by an Administrator appointed by the Zoning Commission, who is empowered to cause any building or land to be inspected and to order in writing the remedying of any conditions found to exist in violation of these Regulations.
The defendants argue that because the Westbrook Zoning Enforcement Officer is appointed by the zoning commission, as opposed to the defendant zoning board of appeals, she was not acting as an agent of the defendant board when she gave permission to the plaintiffs to make changes in their approved second floor addition and, therefore, the defendant board cannot be estopped by her conduct.
It is determined that the zoning enforcement officer need not be an agent of the specific municipal agency named as a defendant in this appeal, only that she be CT Page 1837 an agent of the municipality. Estoppel may be invoked "where the party claiming estoppel would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents." Lescynski, 188 Conn. at 731
(emphasis added).
The defendant Board further argues that the zoning enforcement officer did not have the authority to interpret the March 22, 1989 variances granted to the plaintiffs so as to authorize changes in the knee wall heights. It is found that, pursuant to Conn. General Statutes Sec.8-3 (e) and Westbrook Zoning Regulations Sec. 1201, the zoning enforcement officer has the authority to enforce the town's zoning regulations, and that enforcing regulations necessarily involves interpreting the regulations to determine what is and is not permitted under them. It is found that while in this case the zoning enforcement officer was enforcing and interpreting zoning regulations which had been varied by the defendant Board, there is no statutory or regulatory basis for finding that the fact that the regulations had been varied removed them from her authority. It is further found that the Westbrook zoning regulations provide for no other mechanism for enforcing varied regulations other than the zoning enforcement officer.
From the record and evidence before the court, this court finds that all of the necessary elements for estoppel exist in this case: an agent having authority in such matters did or said something intended to induce the plaintiff to believe that the changes to their proposed second floor were permitted; the plaintiff acted in reliance on that belief by building the second floor with those changes; and the plaintiffs have thereby incurred an injury in that they are unable to obtain a certificate of zoning compliance (a prerequisite to a certificate of occupancy pursuant to zoning reg. sec. 1202) for the second floor and, therefore, are unable to use the second floor. It is further found that it would be "highly inequitable or oppressive" to permit the defendant Board to enforce the regulations as it is attempting to do under these circumstances.
IV CONCLUSION
For the foregoing reasons, it is the conclusion of this court that the Zoning Board of Appeals of the Town of Westbrook acted illegally, arbitrarily and in abuse of the discretion vested in it in denying the plaintiff's application for a variance and in denying the plaintiff's application for reversal of the Town of Westbrook's zoning enforcement officer denial of a certificate of zoning compliance. CT Page 1838
Accordingly, judgment may enter sustaining the appeal of Carl Charton and E A Builders from the decisions of the Zoning Board of Appeals of the Town of Westbrook.
It is so ordered.
ARENA, J.