[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. NATURE OF THE PROCEEDING
This is the companion case to Charton v. Westbrook Zoning Board of Appeals, D.N. 56246. The plaintiffs appeal from the Westbrook Zoning Board of Appeals May 24, 1989 decision denying an application for variances of the front, side and rear yard setbacks requirements of the Westbrook zoning Regulations Sections 601.3, 601.4 and 601.5. (Record, Item 7 at pp. 2-3).
II. FACTS
On March 22, 1989, the defendant Board granted the plaintiffs variances of the front yard, side yard and rear yard setback requirements (R.O.R. Item 6, Westbrook Zoning Regulations Sections 601.3, 601.4 and 601.5 respectively) for property located at 8 Striper Avenue, Westbrook, Connecticut. The one family dwelling located on the premises was a pre-existing non-conforming structure as to these setback requirements, and the plaintiff Charton wished to build a second floor onto the dwelling for use as storage space. CT Page 1719
After obtaining these variances, the plaintiff E A Builders (hereinafter "builder") began construction according to the plans submitted to the defendant Board. (R.O.R. Item 9). After construction was started, the plaintiff builder learned that the exterior stairway called for by the plans was too steep and would not meet the state building code requirements. (R.O.R. Item 7, at p. 2). The plaintiff determined that it would be necessary to move the exterior door leading from the stairway into the second floor farther down the side of the building so as to allow for a more gradual incline of the stairway. (R.O.R. Item 7 at p. 2). As a result of this relocation of the doorway, it was necessary to increase the height of the knee walls from 5' (as called for by the original plans) to 6' 4". (R. O. R. Item 8). In addition, the slope of the roof was "flattened" so that the overall height of the structure was decreased from 25' (according to the original plans) to 24' 6" (according to the changed plans). (R.O.R. Item 8).
Prior to constructing these changes, the plaintiff E A Builders notified in writing the "building, zoning and sanitation department of the town of Westbrook" of the need to raise the knee walls to 6' 4 1/2". (plaintiff's exhibit A). The plaintiff builder also met with the town sanitarian and zoning enforcement officer and advised them of the needed changes. (R.O.R. Item PH2). The town zoning enforcement officer gave the plaintiff builder permission to change the height of the knee walls (R.O.R. Item PH2). The plaintiff builder then constructed the addition with these changes.
Thereafter; the town zoning enforcement officer was told by the zoning commission chairman that these changes required additional variances from the defendant Board. (see transcript of May 24, 1989 ZBA meeting at pp. 2-3, contained in R.O.R. of companion case, Charton v. Westbrook ZBA, D.N. 54886). The plaintiffs then filed an application dated May 2, 1989 with the defendant Board for variances of the front, side and rear yard setbacks, which application was heard and denied by the defendant Board on May 24, 1989. This May 24, 1989 decision is the subject of this appeal which was consolidated with Charton v. Westbrook ZBA, D.N. 56246, by order of the court (Higgins, J.) dated January 2, 1990.
Subsequently on June 20, 1989, the plaintiff Charton applied for a certificate of zoning compliance. (plaintiff's exhibit B). This application was denied by the zoning enforcement officer on July 19, 1989, with the comment "variance granted for 5' knee walls; increase to CT Page 1720 6' 4" knee walls requires new variance." (plaintiff's exhibit B). this decision by the zoning enforcement officer was appealed to the defendant: Board by the plaintiffs by application dated August 19, 1989. (R.O.R. Item 8). The defendant Board's September 27, 1989 decision to uphold this denial of a certificate of zoning compliance was the subject of the companion appeal. (R.O.R. Item 3, decision of Board).
At the same time that the plaintiffs applied to the defendant Board to appeal the decision of the zoning enforcement officer, the plaintiffs applied (again) for variances of the rear, side and front yard setback requirements. (R.O.R. Item 8). The defendant Board denied these variances in the same September 27, 1989 decision. (R.O.R. Item 3). That denial was also the subject of the companion appeal.
The reasons stated by the defendant Board for its decision to deny the variances were: "The members felt the proposed storage space was too large for the size of the dwelling, also that an adequate hardship to warrant the variance was not shown." (R.O.R. Item 3). No reasons were stated for the decision to uphold the decision of the zoning enforcement officer.
In their brief, the plaintiffs argue: that no variance was necessary in the first place in order to add a second floor to the subject dwelling, since the addition did not increase the setback non-conformities because it was within the footprint of the existing building; that the defendant Board is estopped from upholding the zoning enforcement officer's denial of a certificate of zoning compliance because the plaintiffs acted in reasonable reliance on her prior approval; that the defendant Board acted illegally, arbitrarily and in abuse of its discretion in finding that the changes to the addition were not within the scope of the initial variances granted by the Board on March 22, 1989; that the defendant Board acted illegally, arbitrarily and in abuse of its discretion in denying the plaintiffs' requests for the same variances granted by the Board March 22, 1989; and that the zoning enforcement officer's denial of a certificate of zoning compliance after giving prior approval constitutes a hardship which requires the granting of the variances.
Notice of the Board's decisions were published on October 12, 1989 (paragraph 10 of plaintiffs' complaint), which was admitted in paragraph three of the defendants answer. The defendants were served on October 20, 1989, and CT Page 1721 filed on October 27, 1989. Therefore, it is determined that the applicants timely appealed to this court for judicial review of the Board's decision pursuant to Section 8-8 of the Conn. General Statutes.
The defendant Board argues in its brief (which incorporates the arguments set forth in its brief submitted in the companion case Charton v. Westbrook ZBA D.N. 56246): that the defendant Board is not estopped by the action of the zoning enforcement officer, because the zoning enforcement officer did not have the authority to approve changes in a variance; that the record is devoid of evidence of sufficient hardship, since any hardship experienced by the plaintiffs was self-created; that the plaintiffs never asked the Board to rule on whether a variances was necessary in the first place; and that adding a second floor to a non-conforming structure is an expansion of the non-conformity and that it was within the Board's broad discretion to so determine.
The plaintiff requests this court to: reverse the decision of the defendant Board and direct the defendant Board to overturn the decision of the zoning enforcement officer; reverse the decision of the defendant Board and direct the defendant Board to grant the plaintiff's application for variances.
III. DISCUSSION
A. In General:
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id; see also Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 484 (1988); Andrew Ansaldi Co. v. Planning Zoning Commission, 207 Conn. 67 (1988). This appeal was properly brought pursuant to Section 8-8 of the Conn. General Statutes.
B. Aggrievement:
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning Zoning Board, 317, 321 (1987). Plaintiff Carl Charton is the owner of the subject property. (see certified copy of deed, marked plaintiff's exhibit C). Plaintiff E A Builders alleges that it was CT Page 1722 the general contractor for the construction which is the subject of this appeal and that it was the application for the foregoing variances and certificate of zoning compliance. (Note: R.O.R. Item 8 is the subject application to the ZBA and shows the applicant as being Edward J. Janicki. Edward J. Janicki testified at the evidentiary hearing held before the court (Arena, J.) on July 11, 1990 that he is the owner of E A Builders). From the evidence presented at the court hearing on July 11, 1990, this court finds that the appellant, Carl Charton is the owner of the subject property and, therefore statutorily aggrieved.
C. Scope of Review:
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572-73 (1988); Parks v. Planning Zoning Commission,178 Conn. 657, 663 (1979). The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of its discretion. Frito-Lay, Inc., 206 Conn. at 573; Molic v. Zoning Board of Appeals, 18 Conn. 159, 165 (1989).
The plaintiff has the burden of proof as to the existence of any abuse. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
D. Conclusion:
This appeal requests the court to direct the defendant Board to grant the plaintiff's variances of the setback requirements found in Westbrook Zoning Regulations sections 601.3, 601.4 and 601.5 so as to allow the second floor storage area constructed on the plaintiff Charton's house at 8 Striper Avenue, Westbrook. This is the same relief requested and granted in Charton v. Westbrook ZBA, D.N. 56246, which was consolidated with this case on January 2, 1990. The plaintiffs' appeal in case D.N. 56246 was sustained. It is concluded that since both of these cases were consolidated and both challenge the denial of the exact variances, when the court rendered its decision in case D.N. 56246 it also decided case #54886.
As such, it is further concluded that this appeal should be dismissed on the basis of mootness.
It is so ordered.
ARENA, J. CT Page 1723