[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Sydney T. Schulman for plaintiff.
Anthony Palermino for defendant. CT Page 7616
This is a breach of contract action in which the plaintiff, Language Readiness, Inc., seeks damages from the defendants, Community Renewal Team of Greater Hartford, Inc. [Community Renewal], and certain of its named officers for terminating the funding for the plaintiff's community education programs. Community Renewal is a non-profit, non-stock corporation which receives funding from the U.S. Department of Health and Human Services [HHS] as a grantee agency. In the fifth count of the complaint, the plaintiff alleges that the defendants violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. [CUTPA], when Community Renewal terminated the plaintiff's contract and withdrew its funding from the plaintiff. The defendants now move to dismiss the plaintiff's CUTPA claim on the ground that Community Renewal is regulated and funded by a U.S. governmental agency, and, therefore, comes within CUTPA's exclusionary provisions exempting federal agencies from CUTPA claims. In the alternative, the defendants move to strike the plaintiff's CUTPA claim on the ground that the plaintiff has not alleged sufficient facts to support a claim under CUTPA.
 I.
With respect to the motion to dismiss, the jurisdiction of this court is not affected by CUTPA's exclusionary provisions. "`Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created.' Andrew Ansaldi Co. v. Planning Zoning Comm.,207 Conn. 67, 73, 59 (1988)." State v. Carey, 222 Conn. 299,305 (1992). Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420, 427 (1988). The defendants cite, and research reveals, no authority for their assertion that CUTPA's exclusionary provisions concern the subject matter jurisdiction of the court. CT Page 7617
 II.
The defendants also move to strike the plaintiff's CUTPA claim on the ground that the plaintiff has not alleged sufficient facts to support a claim under CUTPA, contending that the termination of a contract does not give rise to a CUTPA violation. The defendants further contend that the plaintiff's complaint fails to identify any public policy that has been violated or how the defendants caused injury to any consumers.
 In determining whether a practice is unfair, we have "adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is at least within the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers.
(Citations omitted.) A-G Foods, Inc. v. Pepperidge Farm,Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990). Further, "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her." Jackson v. R.G. Whipple,Inc., 225 Conn. 705, 727, 374 (1993). The plaintiff must allege that the acts complained of were performed in a trade or business. Quimby v. Kimberly Clark Corp. ,28 Conn. App. 660, 613 A.2d 838 (1992).
The plaintiff argues that the defendants' business is to distribute funds and the plaintiff is, therefore, a consumer of the defendants' business. Community Renewal is a non-profit, non-stock corporation that receives funding from HHS as a grantee and redistributes those funds to delegate agencies. It does not appear that defendants engage in commerce within the meaning of General Statutes § 42-110a et seq. Plaintiff has not alleged any consumer relationship with the defendants CT Page 7618 within the meaning of § 42-110a et seq. or the analysis provided by the Supreme Court in Jackson, supra. We conclude that plaintiff has failed to allege sufficient facts to support a CUTPA claim.
Defendants' motion to strike is granted.
Wagner, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 7626