[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REOPENING JUDGMENT
This matter went forward and proceeded to judgment after the defendant failed to appear to commence trial. Now the defendant moves to reopen the judgment.
The defendant had previously asked for and received a 90 CT Page 1973 day continuance of a prior assignment. The ninety day request would have taken the matter to hearing on a Sunday. The court clerk assigned the matter for the first trial day after that Sunday had passed.
The defendant claims not to have received notice. On September 1, 1994 notice went out from the court to all counsel in writing of a new trial date set at November 29, 1994.
It is obvious to this court after listening to certain representations of an Attorney Collins Sr. that the office arrangements of the defendant's attorneys leave much to be desired in one important respect. The firm is evidently located in a building where there is a mail room and often court calendars addressed to other law firms located in the same building are misdirected by whomever runs the building's mail room to the defendant's law firm. It appears likely that the opposite may have happened here, and that the mail room may have misdirected the court notice intended for the defendant's law firm elsewhere. However it occurred, the court is satisfied that the defendant's counsel did not receive actual notice and that was not the plaintiff's fault nor was it the fault of the court clerk.
The plaintiff and her husband who is a witness had come up to Connecticut from Florida to attend the trial. The defense counsel had offered to reimburse the plaintiff and her witness for her reasonable costs of travel from Florida. The court believes that is appropriate.
The court at the time of the original hearing in damages asked plaintiff's counsel if he had talked to the other side about being present and counsel for the plaintiff indicated he had done so only a month before. Despite that representation, it is clear to the court after an evidentiary hearing on this motion that he had not done so one month before but three months previously. The court further holds that this matter should be tried on its merits; that better care should have been taken in the plaintiff's counsel's representation made to this court about when the plaintiff's counsel had last discussed the trial date with his opposing counsel. His representation on the record that he had talked to his opposing counsel only a month previously and that opposing counsel had asked for that date was an important factor in whether the court would proceed to hear the matter on the day it did and enter a judgment. It was not CT Page 1974 an accurate representation.
The plaintiff has raised the issue as to whether Practice Book § 377 would permit reopening of this judgment because of the failure of the defendant to adequately spell out the precise nature of its defense. The court is untroubled by that quibble since apart from § 377 it has powers to set aside any of its own judgments where it deems that equitably required. Equitable considerations here warrant the exercise of that power, so that the issue may be tried upon the merits.
It is not always humanly possible to separate out the various factors which enter into the making of decisions in general or the particular decision in this case to go forward with a hearing in damages. The information the court received about the proximity of the time of last discussions about the trial date was not accurate. The matter was sufficiently important for the court to have asked the question.
The importance of the need for judges of the Superior Court to be able to rely on the accuracy of what commissioners of the Superior Court say in representations before the court cannot be overemphasized.
In making the decision on November 29, 1994 to continue the hearing in damages then and there, the court was deprived of information, which if placed before it might well have resulted in a recess while the court clerk was dispatched to call the opposing attorneys to find out why they were not there.
Furthermore, some weight must be accorded to the fact brought out at the hearing on this motion that plaintiff's counsel had discussion with a claims adjuster for the defendant on the evening before the trial date, and the case did not settle, permitting the logical inference that it was expected to be defended.
As was once observed in dissent by Justice Shea, a man possessed not only of considerable intellect but also blessed with wide experience in the practice of law and as a trial judge, "our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant CT Page 1975 parties with an opportunity for cases to be resolved on their merits . . ." Andrew Ansaldi Co v. Planning Zoning Commission,207 Conn. 67, 75-76. The court believes that a policy best serves justice, which permits matters to be heard upon the merits.
Under the general equitable powers vested in this court, the judgment is ordered reopened, set aside, and a new trial ordered. Within 30 days of this date, defense counsel is ordered to fully reimburse the plaintiff and her husband who was a witness, the reasonable expenses of coming to Waterbury, Connecticut from Florida and returning.
FLYNN, J.