[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESOL'S MOTIONS TO DISMISS PLAINTIFFS' APPEALS
On June 13, 1995, the Connecticut Supreme Court dismissed the appeals taken to that court by the defendant commissioner of environmental protection, the defendant Riley Energy Systems of Lisbon Corporation (RESOL), and the intervening plaintiff, the town of Stonington, from the decision of this court rendered on February 16, 1994, in each of these four cases and also dismissed the cross-appeals filed by some of the parties, for lack of subject matter jurisdiction. CRRA v. Commissioner of Environmental Protection, CT Page 10207233 Conn. 486, 487 The basis for the dismissals was the lack of a final judgment because of the nature of the remand order, which directed further proceedings by the department of environmental protection (DEP) to determine whether it would have approved RESOL's application for a waste disposal facility in Lisbon if it had realized that one of the conditions it had attached to the permit as issued was invalid and unenforceable. The Supreme Court concluded that General Statutes § 4-183(j), which permits an appeal of any remand order, was inapplicable because the administrative proceeding involving RESOL's application had commenced before that statute became effective. It also held that the remand order did not qualify as a final judgment for purposes of an appeal under the Uniform Administrative Procedure Act (UAPA) as it existed prior to the amendments that became effective on July 1, 1989. A motion for reargument and reconsideration filed by RESOL was denied on July 17, 1995.
RESOL has filed in this court motions to dismiss the original appeals taken by the plaintiffs from the decision of DEP approving the application for a waste disposal facility in Lisbon, claiming that those appeals should be dismissed for lack of subject matter jurisdiction resulting from the failure to comply with the provisions of the pre-1989 UAPA prescribing the time limit and the manner of service of appeals from administrative agencies. All the parties assumed, prior to the decision of the Supreme Court to the contrary, that the amendments to the UAPA that became effective on July 1, 1989, governed these appeals, and it is undisputed that the appeals, which were commenced after that date, were served in the manner and within the time prescribed by that act as amended. The Supreme Court, however, has determined that those amendments are not applicable to these appeals and that the governing statute is the pre-1989 UAPA. RESOL maintains that the consequence of that determination is that this court lacked subject matter jurisdiction over the original appeals because of various defects in the manner of service required by the UAPA prior to the 1989 amendments and because of failure in each instance to comply with the time limit of thirty days for bringing an appeal from the decision of a state agency, which was in effect prior to July 1, 1989.
None of the plaintiffs claim that their original appeals satisfy the service requirements or the thirty day time limitation of the UAPA prior to the 1989 amendments. Although the failure of RESOL to raise such defects at the outset of this litigation would probably be deemed a waiver in other civil actions, the Connecticut Supreme Court, with respect to administrative appeals, has treated CT Page 10208 even slight deviations from the statutes authorizing them as fatal to the subject matter jurisdiction of the court, which cannot be waived. It is difficult to reconcile this position of our highest court with its frequently repeated statement that a "court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 173,185 (1979) Apparently administrative appeals must be excepted from this pronouncement. In any event, it is unlikely that the expansive notion of subject matter jurisdiction adopted by the Connecticut courts will be modified without legislative intervention. See Andrew Ansaldi Co. v. Planning ZoningCommission, 207 Conn. 67, 73-76 (1988). It is familiar law that the issue of subject matter jurisdiction can be raised at any time, although that statement is subject to some modification with respect to judgments that have become final after all rights of appeal have been exhausted. Restatement, Judgments 2d, § 12, Comment d. At least while a case is still pending, as in this instance, a party is not barred from raising the issue despite failure to do so earlier.
The plaintiff Southeastern Connecticut Regional Resources Recovery Authority (SCRRA) has challenged the jurisdiction of this court to reopen the judgment rendered remanding the case for further proceedings before DEP. In its post-argument brief it maintained that General Statutes § 52-212a bars the opening of a judgment of the Superior Court "unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." The statute excepts from its prohibition those cases in which it is "otherwise provided by law" or "in which the court has continuing jurisdiction." The statute was probably intended to apply only to final judgments. For that reason it is inapplicable to the judgment of this court rendered on February 16, 1994, which has been determined on appeal not to have been final. Because it was not final, that judgment must be regarded as interlocutory. An interlocutory judgment is one that "does not finally determine or complete the suit." Black's Law Dictionary, p. 1027. It "does not speak the last word which the court may be required to speak in the case." Ballentine's Law Dictionary, p. 651. Consequently, such a judgement does not terminate a court's jurisdiction of a case. Interlocutory judgments of necessity fall within the provision of § 52-212a excepting cases "in which the court has continuing jurisdiction."
An interlocutory judgment may be opened or revised at any time before a final judgment has been rendered. If such a judgment CT Page 10209 could not be reopened it would mean in this case that the parties would be subjected to another lengthy and costly proceeding before the department of environmental protection that would probably prove to be useless if any party should appeal therefrom raising the same issues of subject matter jurisdiction that are presented by RESOL's motions to dismiss. The court concludes, therefore, that it has jurisdiction to open the judgments rendered in each of the appeals on February 16, 1994, and to act upon RESOL's motions to dismiss the appeals. Accordingly, because of the failure of the plaintiffs to conform to the provisions of the UAPA relating to the manner of service and the time limited for bringing their administrative appeals, which under existing precedent involve subject matter jurisdiction, RESOL's motions to dismiss the appeals must be granted.
The foregoing discussion may be academic with respect to the appeals of CRRA and SCRRA, because each of those parties has entered into a stipulation with RESOL consenting to the dismissal of its original appeal. The stipulation for dismissal of the CRRA appeal was filed prior to oral argument of RESOL's motions on July 31, 1995. The stipulation for dismissal of SCRRA's appeal was not filed until August 2, 1995, after its post-argument brief had been filed. The court is not aware of any reason for refusing to dismiss the appeals of CRRA and SCRRA in accordance with the stipulations on file, except that such action may be superfluous in view of the conclusion reached upon the merits of RESOL's motions.
The intervening plaintiff, Stonington, which never appealed from the final decision of the commissioner granting RESOL's application for a permit but did intervene pursuant to General Statutes § 22a-19 in the appeals taken by CRRA, SCRRA, the city of Norwich, and Stuart Greenfield et al., raised a claim at oral argument that the dismissal of the appeals with respect to those plaintiffs for noncompliance with the applicable statutes in bringing the appeals should have no effect upon its right to pursue those appeals in order to raise environmental issues in accordance with that statute. That argument is not viable, however, because the conclusion the court has reached, that there was no subject matter jurisdiction of any of the appeals, means that they were void ab initio. Consequently, every order issued while those appeals were pending, including the grant of Stonington's motions to intervene pursuant to § 22a-19, was similarly a nullity. If the jurisdictional issue had been raised at the outset, Stonington would never have been permitted to intervene. CT Page 10210
RESOL has also filed a motion to stay the effect of the February 16, 1994 judgment with respect to further proceedings before DEP for implementing its permit for the Lisbon plant. In view of the conclusions reached by the court that the judgment of February 16, 1994, must be reopened and vacated and that the plaintiffs' appeals must be dismissed, the court perceives no need to act on the motion to stay.
The court orders that judgment enter as follows:
(1) The judgment rendered by the court on February 16, 1994, in each appeal is reopened and vacated.
(2) Each appeal is dismissed for lack of subject matter jurisdiction for failure to comply with the provisions of the UAPA prior to July 1, 1989, relating to service of the appeal and the time for commencing an appeal from a state agency.
(3) The appeals of CRRA and SCRRA are also dismissed pursuant to their stipulations agreeing that RESOL's motions to dismiss their appeals should be granted.
David M. Shea, State Trial Referee