## Jeannette S. Simko et al. *v.* Zoning Board of Appeals of the Town of Fairfield et al.[*]
### (13193)

Peters, C. J., Shea, Callahan, Glass and Hull, Js.

*(One justice dissenting)*

Argued October 6—decision released December 1, 1987

*Vincent M. Simko,* with whom was *Bruce L. Elstein,* for the appellants (plaintiffs).

*James F. Stapleton,* with whom were *Roy H. Ervin, Jr.,* and, on the brief, *Donal C. Collimore,* for the appellees (defendants).

Callahan, J. The plaintiffs, Jeannette S. Simko and Valerie Varga, filed this appeal from a judgment of the trial court, *Meadow, J.,* dismissing their administrative appeal from a decision of the zoning board of appeals

[*] The plaintiffs filed a motion for reconsideration that was granted. See *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988).

of the town of Fairfield (hereinafter the board). The issue presented is whether the trial court erred in dismissing the appeal for the plaintiffs' failure to name the clerk of the municipality in the appeal citation. We find no error.

The relevant facts are not in dispute. On August 1, 1986, the board granted a variance, subject to certain conditions, to the defendant Roy Henry Ervin, trustee for certain property located at 909-911 Fairfield Beach Road in Fairfield.[1] Simko and Varga, the owners of the contiguous parcels known as 901 Fairfield Beach Road and 919 Fairfield Beach Road respectively, appealed the board's decision to the Superior Court pursuant to General Statutes § 8-8 (a) and (b) on August 20, 1986.[2]

---

[1] The variance granted to Roy Henry Ervin, trustee, provided for the following: (1) a reduction in the setback requirement of § 7.5 of the Fairfield zoning regulations from seven feet to six feet; (2) a reduction in the required sum of setbacks of § 7.5.1 of the Fairfield zoning regulations from twenty-five feet to thirteen feet; and (3) the demolition of an existing one story nonconforming structure to be replaced with an enlarged two story nonconforming dwelling which was to contain a rental unit. The variance, as granted, contained the following conditions: "(a) No occupancy of third floor; (b) Maximum height to be 30 ft. from existing grade to peak of roof; (c) Minimum one year lease; and (d) House to stay within the footprint."

[2] "[General Statutes] Sec. 8-8. APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. (a) Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court.

"(b) Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

The plaintiffs filed a complaint, an application for a temporary injunction and order to show cause, a citation, a summons, an order of service and a recognizance with surety.

The citation directed the sheriff to summon the board and Ervin to appear before the Superior Court within and for the judicial district of Fairfield at Bridgeport on September 19, 1986, by leaving with or at the usual place of abode of the chairman or clerk of that board, and Ervin, a true and attested copy of the complaint and of the citation.[3] The citation and the other appeal papers failed to mention the clerk of the municipality. Despite this deficiency, Deputy Sheriff Donald W. Mattice personally served not only the board and Ervin, but also Evelyn L. Hiller, the Fairfield town clerk.

Thereafter, the board entered an appearance and filed an answer on September 5, 1986. Ervin also filed an appearance on September 2, 1986, but thereafter

---

[3] The citation issued provided as follows:

"To any proper officer:

"CITATION

"By authority of the State of Connecticut, you are hereby commanded to summon the Zoning Board of Appeals of the Town of Fairfield, and ROY HENRY ERVIN, Trustee, of the Town of Fairfield, County of Fairfield, State of Connecticut, to appear before the Superior Court within and for the Judicial District of Fairfield at Bridgeport on September 19, 1986, then and there to answer unto the foregoing complaint of JEANNETTE S. SIMKO of 901 Fairfield Beach Road, and VALERIE VARGA of 919 Fairfield Beach Road, Fairfield, Connecticut, by leaving with or at the usual place of abode of the Chairman or Clerk of that Board, and ROY HENRY ERVIN, TRUSTEE a true and attested copy of the complaint and of this Citation at least twelve days before the return date.

"JEANNETTE S. SIMKO as principal and HENRY ELSTEIN, 6 Shell Street, Milford, as surety are recognized in the sum of Two Hundred Fifty ($250.00) Dollars to prosecute this appeal to effect and comply with the orders and decrees of this Court.

"Hereof fail not, but of this writ with your doings thereon make due service and return.

"Dated at Bridgeport, Connecticut, this 19th day of August, 1986."

moved to dismiss the appeal, pursuant to General Statutes § 8-8 (d)[4] for the plaintiffs' failure, inter alia, to have named the clerk of the municipality in the citation as required by § 8-8 (b). The trial court, *Meadow, J.*, granted the motion to dismiss the appeal and held that "[a] proper citation is essential to the validity of an administrative appeal and the jurisdiction of this court." Additionally, the court held that "[t]he service made by the sheriff constituted 'mere extra judicial delivery of copies of appeal papers and has no legal effect.' "

The plaintiffs, upon having been granted certification, have challenged the trial court's dismissal of their appeal. They argue that the citation issued here complied with the requirements of § 8-8 (b) since the board, the only necessary party intended by the legislature, had been cited and properly served. Alternatively, the plaintiffs argue that the alleged defect in the citation is merely a circumstantial defect that does not raise an issue of subject matter jurisdiction and can be cured by amendment pursuant to General Statutes § 52-128.[5]

---

[4] General Statutes § 8-8 (d) provides: "The court, upon the motion of the person who applied for the board's decision, shall make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. At the hearing on such motion to dismiss, each appellant shall have the burden of proving his standing to bring the appeal. The court may, upon the record, grant or deny the motion. The court's order on such motion shall be a final judgment for the purpose of the appeal as to each such defendant. No appeal may be taken from any such order except within seven days of the entry of such order."

[5] "[General Statutes] Sec. 52-128. AMENDMENT OF PLEADINGS BY PLAINTIFF; COSTS. The plaintiff may amend any defect, mistake or informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same."

I

The plaintiffs first argue that "in a zoning appeal brought pursuant to General Statutes § 8-8 (b) the Zoning Board is the [only] necessary party, and where a citation has been issued citing said zoning board, [the citation] is sufficient." We disagree.

The determination of who is a necessary or a proper party in a proceeding to review the actions of an administrative agency is primarily governed by statute. See 2 Am. Jur. 2d § 742, Administrative Law, p. 641. Prior to October, 1985, General Statutes (Rev. to 1985) § 8-8 (b) provided in pertinent part: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, *or* by serving a true and attested copy upon the clerk of the municipality." (Emphasis added.) Clearly the statute required service upon the chairman of the zoning board or the clerk of the municipality, but not upon both. Thereafter, the legislature amended General Statutes § 8-8 (b), effective October 1, 1985, to provide : "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, *and* by serving a true and attested copy upon the clerk of the municipality." (Emphasis added.) Public Acts 1985, No. 85-284, § 3.

We find no ambiguity on the face of § 8-8 (b), as amended. The statute clearly mandates that both the zoning board and the clerk of the municipality be named parties to a zoning appeal. Additionally, a review of the relevant legislative history regarding Public Acts 1985, No. 85-284, § 3, supports a literal construction of its language. In commenting on the purpose for the 1985 amendment to § 8-8 (b), Senator John Consoli stated: "The bill would also make it *mandatory rather than*

*optional* to serve notices of appeals from the zoning board of appeals and the planning commission to the town clerk." (Emphasis added.) 28 S. Proc., Pt. 9, 1985 Sess., p. 2928. Further, in the House of Representatives, Representative Vincent Chase stated: "They're [sub-sections 3 and 4 of Public Acts 1985, No. 85-284] of a technical nature, which would require that when an appeal is filed on a planning and zoning board, that the appeal notice also be served on the town clerk of the municipality. . . . This would insure that the town clerk and the administrator of the board were aware in sufficient time, that an appeal may have been served."[6] 28 H.R. Proc., Pt. 13, 1985 Sess., pp. 4773-74.

It is clear that under Public Acts 1985, No. 85-284, § 3, the clerk of the municipality has become a statutorily mandated, necessary party to a zoning appeal. Where, as here, the language of the statute is clear and unambiguous, courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so. See *Johnson* v. *Manson,* 196 Conn. 309, 314, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787, reh. denied, 475 U.S. 1061, 106 S. Ct. 1290, 89 L. Ed. 2d 597 (1986); *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 197 n.10, 491 A.2d 1058 (1985). Therefore, we hold that the clerk of the municipality is under the statute

---

[6] Contrary to the claim made by the minority in the dissenting opinion, the majority did not ignore the portion of Representative Vincent Chase's statement cited by the minority and the plaintiffs. Rather, the majority did not find it persuasive in light of: (1) the preceding and subsequent statements made by Chase; 28 H.R. Proc., Pt. 13, 1985 Sess., pp. 4773-74; (2) the statements made by Senator John Consoli; 28 S. Proc., Pt. 9, 1985 Sess., p. 2928; (3) the clear wording of the statute; and (4) the fact that a change from the disjunctive to the conjunctive was made in the statute. Additionally, we cannot find that the sentence relied upon by the minority supports the proposition that the clerk of the municipality is merely an "agent for service" who is not a necessary party.

a necessary party who must properly be served for a zoning appeal brought pursuant to General Statutes § 8-8.

## II

The issue then becomes whether the failure to cite the clerk of the municipality constitutes a jurisdictional defect rendering the appeal subject to dismissal. The plaintiffs argue that such a defect does not destroy the subject matter jurisdiction of the trial court because the failure to name the clerk of the municipality in the citation is merely a circumstantial defect that can be cured as of right in accordance with General Statutes § 52-128. We disagree.

"We note at the outset that appeals from administrative agencies exist only under statutory authority. *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982). 'A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' " *Chestnut Realty, Inc.* v. *CHRO,* 201 Conn. 350, 356, 514 A.2d 749 (1986); see also *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985). We have repeatedly held that statutory appeal provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* supra, 322, 324; *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975).

Although this issue has not been addressed in connection with § 8-8 (b), the courts of this state have consistently held that, in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal even

where, as here, that party was served or provided with copies of the appeal papers. See *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 413, 378 A.2d 519 (1977); *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732 (1961); *Nanavati* v. *Department of Health Services,* 6 Conn. App. 473, 474, 506 A.2d 152 (1986); *Atkins* v. *Bridgeport Hydraulic Co.,* 5 Conn. App. 643, 645–46, 501 A. 2d 1223 (1985); *State* v. *One 1981 BMW Automobile,* 5 Conn. App. 540, 544, 500 A.2d 961 (1985); *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985); *Daniels* v. *New Haven Police Department,* 3 Conn. App. 97, 99, 485 A.2d 579 (1985); *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 716–17, 461 A.2d 997 (1983). The underlying rationales for this rule of law have been (1) the unique statutory nature of an administrative appeal previously discussed, and (2) the character of the citation.

" 'A citation is a writ issued out of a Court of competent jurisdiction commanding a person therein named to appear on a day named to do something therein mentioned.' " *Sheehan* v. *Zoning Commission,* supra, 412; see also *State* v. *One 1981 BMW Automobile,* supra; 1 E. Stephenson, Connecticut Civil Procedure § 18. "The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a deliveryman. . . . [Additionally, the] citation is a matter separate and distinct from the sheriff's return and is the *important legal fact upon which the judgment rests.* . . . [Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court. . . . A citation is not synonymous with notice." (Emphasis added.) *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* supra; *Atkins* v.

*Bridgeport Hydraulic Co.,* supra, 645–46; *State* v. *One 1981 BMW Automobile,* supra; see also *Chestnut Realty, Inc.* v. *CHRO,* supra; *Sheehan* v. *Zoning Commission,* supra, 412–13.

Because of the failure to name the clerk of the municipality in the citation, the sheriff had no authority to command the clerk's appearance for any purpose. Therefore, contrary to the plaintiffs' claim, the delivery to the clerk of the papers comprising the appeal was of no legal significance.

Accordingly, we hold that the failure to name a statutorily mandated, necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal. Thus the trial court properly dismissed the appeal below.

There is no error.

In this opinion PETERS, C. J., GLASS and HULL, Js., concurred.

SHEA, J., dissenting. In arriving at the conclusion that the amendment to General Statutes § 8-8 (b) effectuated by Public Acts 1985, No. 85-284, § 3, made it essential to include the town clerk in the citation as a necessary party defendant in a zoning appeal, in addition to making service upon him, as the plaintiffs did, the majority opinion conveniently ignores a significant part of the legislative history upon which it purports to rely. The complete remarks of Representative Vincent Chase, who sponsored the amendment, at the time it was approved by the House of Representatives, were as follows: "[The amendment is] of technical nature, which would require that when an appeal is filed on a planning and zoning board, that the appeal notice also be served on the Town Clerk of the Municipality. *I'm offering this amendment as a result of the discussions that I've had concerning an appeal being served on a*

*zoning official who may be at [sic] vacation and no one
realizing that the board had been served because it was
just stuck in a mailbox.* This would insure that the Town
Clerk and the administrator of the Board were in suf-
ficient time, [sic] that an appeal may have been
served."[1] (Emphasis added.) 28 H.R. Proc., Pt. 13, 1985
Sess., pp. 4773–74.

These remarks indicate that the purpose of the
amendment was to ensure that notice of the appeal
would always be received in hand by a town official who
is ordinarily available at the town office building and
thus to avoid the uncertainties of abode service upon
a part-time chairman or clerk of a zoning board, who
may be absent for a considerable period of time after
notice of an appeal has been delivered to his residence.
See General Statutes §§ 8-8 and 52-57 (b).

It is difficult to conceive of any useful purpose to be
accomplished by making the town clerk a party to a
zoning appeal in addition to the zoning board, whose
action is the subject of the appeal, other than to pro-
vide additional notice of the appeal so that the board
may properly defend it. Neither the majority opinion
nor the legislative history suggest any other objective.
A town clerk in his individual capacity would have no
judicially cognizable interest in the controversy and his
presence as a party to the appeal would be superflu-
ous. This court should reject a construction of a stat-

---

[1] The references in footnote 6 of the majority opinion to the "preceding
and subsequent statements made by [Representative] Chase" apparently
relate to the first and third sentences of these quoted remarks, since Rep-
resentative Vincent Chase made no other comments pertaining to this legis-
lation. The first sentence indicates merely that the amendment was intended
to make service upon the town clerk mandatory rather than optional, as
does also the statement of Senator John Consoli relied upon by the majority.
The third sentence is an amplification of the second sentence, which has
been omitted from the majority opinion. Nothing in the legislative history
indicates that the requirement of service upon the town clerk was for the
purpose of making him a necessary party to the appeal.

ute that produces "bizarre results." *State* v. *Parmalee,* 197 Conn. 158, 165, 496 A.2d 186 (1985).

The legislative history is completely silent about any intention to include as a party the town itself, for which the town clerk is a statutorily designated agent for service. General Statutes § 52-57 (b). If such a change in our long standing practice with respect to zoning appeals were contemplated by the legislature, it is probable that some comment upon it would appear. It is plain that prior to the adoption of the 1985 amendment to § 8-8 (b) the town clerk was designated as an alternative agent for service upon a zoning board and did not become a party to the appeal merely because the complaint had been served upon him. The change in the conjunction from "or" to "and" effectuated by the amendment was never intended to modify this status but merely to provide additional assurance that the board would receive notice of an appeal by requiring service upon two persons as agents for the board.

In addition to the legislative history, the majority opinion relies upon several cases supporting the proposition that, "in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect which renders the appeal subject to dismissal even where, as here, that party was served or provided copies of the appeal papers." This principle, by its terms, applies only to necessary parties and it would not apply in this case unless the amendment was intended to make the town clerk a necessary party rather than an agent for service as formerly. None of the cases relied upon supports the proposition that the failure of a citation to name the agent for service who has been actually served constitutes a jurisdictional defect.

Accordingly, I dissent.