[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In this case, Fleet Bank commenced an appeal from the tax assessment upon certain property owned by the bank. In the citation directing service, the plaintiff directed that the "town of West Haven Board of Tax Review" be served as the only defendant. Neither the town or the town clerk were named in the citation as defendants or as parties to be served. The sheriff's return of service indicates the complaint was served on the assistant town clerk "statutory agent for the within said defendant Town of West Hartford." CT Page 10752 The caption of the case lists the defendant as the "Town of West Hartford Board of Tax Review."
The defendant town has now filed a motion to dismiss based on 12-117a C.G.S.A. claiming the court has no subject matter jurisdiction because the appeal from the actions of the Board of Tax Review was not "accompanied by a citation to (the) . . . town . . . to appear before . . . (the) court."
In Southern New England Telephone Co. v. Board of Tax Review, 31 Conn. App. 155 (1993) the citation in a tax appeal named the board of tax review as the only defendant and process was served on the board's chairperson. The court dismissed the appeal noting the plaintiff named the board and served the chairperson rather than naming the town and serving the clerk as the statute requires. The court held the plaintiff's failure to name and serve the statutorily mandated necessary party on the citation was "a jurisdictional defect that renders the administrative appeal subject to dismissal." id. at page 162. In this case there is one difference in that although the town was not named in the citation, the assistant town clerk was served.
As the defendant notes, this is a distinction without a difference jurisdictionally speaking. In Elm City Manufacturing Jewelers, Inc. v. Town of North Haven Board of Tax Review, 9 Conn. L. Rptr. 484 (1993) Judge Thompson, faced with the same factual scenario as now before the court, said:
 . . . if the town is a necessary part as has been held in the Southern New England Telephone Co. case, failure to name the town as a defendant is not remedied by a direction to summon the Board of Tax Review by leaving a copy of the appeal with both the town clerk and the clerk of the board of tax review.
This result is mandated by the reasoning of Simko v. Zoning Board of Appeals, 205 Conn. 413 (1987). There the court was interpreting the provisions of 8-8 of the general statutes in a zoning appeal. The court upheld the dismissal of the appeal because the plaintiffs failed to CT Page 10753 name the clerk of the municipality in the appeal citation as required in the statute. There too the sheriff had served the appeal papers on the clerk but the court said:
 Because of the failure to name the clerk of the municipality in the citation, the sheriff had no authority to command the clerk's appearance for any purpose. Therefore, contrary to the plaintiffs' claim, the delivery to the clerk of the papers comprising the appeal was no legal significance." id. at page 421.
On this question 8-8 and 12-117a should be similarly interpreted.
The plaintiff cites several cases for the proposition that in fact the town and the board of tax review are really not separate entities; it argues that the cases show the two are "indistinguishable." See e.g. Einbinder v. Board of Tax Review, 217 Conn. 240 (1991). It is difficult to understand the thrust of this argument as to how it bears on the jurisdictional question. It is true that the actions of the board and whether its decisions are overturned or upheld have a direct and obvious impact on the town, but that does not gainsay the fact that the board and town are certainly separate entities as far as the requirement of inclusion in the citation as a necessary party under 12-117a is concerned, cf Simko v. Board of Zoning Appeals, supra, Southern New England Telephone Co. v. Board of Tax Review, supra.
The fact that the town had notice of the action and defended the action until filing of motion to dismiss also has nothing to do with the jurisdictional question which can be brought up at any time. The same could have been said of the parties seeking relief by way of motion to dismiss in Simko, Southern Connecticut Telephone Co., and Elm City Manufacturing Jewelers, Inc.; it didn't prevail in those cases and it cannot here.
The motion to dismiss must be granted.
Corradino, J. CT Page 10754