[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ON MOTION TO DISMISS
The plaintiff Alyssa Peterson, pro se, filed form J.D.-CV-1 with the Clerk of the Court on October 1, 1993, attempting to appeal the doings of the decision of the Hartford Zoning Board of Appeals granting to Taco Bell Corporation a zoning variance and a Special Permit. The form had attached to it a return of Edward E. Wooden, Sr., constable. The return states that the constable left a copy of the appeal complaint at the City Clerk's office in the town of Hartford. The return further states that "Service was attempted on the Zoning Board Secretary, who was not in the office. Corporation Counsel was asked to accept on the ZBA Secretary's behalf but declined, saying they would get a copy from the Clerk's office."
The office of the Corporation Counsel for the City of Hartford filed its appearance for the Defendant on November 5, 1993. The Corporation Counsel filed this motion to dismiss on December 2, 1993.
The motion to dismiss claims 1) Lack of subject matter jurisdiction, 2) Insufficiency of service of process, and 3) Insufficiency of process.
Once the question of lack of jurisdiction of a court is raised "it must be disposed of no matter in what form it is presented." Carten v. Carten, 153 Conn. 603, 610
(1966).
"Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case. . ." Pit v. Department of Health Services, 207 Conn. 346, 351 (1988).
The plaintiff claims in her brief that she was unable CT Page 2096 to obtain the home address of the chairman "As the office secretary would not give out the home address of the Chairman over the phone, and the Chairman's address or phone number is not listed in the city phone directory" (brief, p. 10). Further, she claims that the Board's Secretary is difficult to reach by phone, at his office, and it is difficult to determine, by phone, his office schedule (brief p. 10). No claim is made by the plaintiff that she or anyone attempted to inquire, at the Town Hall, in person, as to the addresses of the Chairman or the Clerk for the purpose of serving process.
I. Insufficiency of Process
The defendant contends that the process itself is ineffectual to commence this appeal. In reviewing the process the court takes note that the plaintiff utilized form JD-CV-1 to attempt to commence the appeal. The form as filled out by the plaintiff does not set forth a return day. The form as filled out by the plaintiff has no recognizance. Most significantly, although the form contains a caption and space for the form to be signed by a competent authority directing an officer to accomplish service, no such signature of any such authority appears on this form.
Form JD-CV-1 is not to be used for process in the commencement of zoning appeals. See Practice Book 49. Notwithstanding, had the form been filled out properly and completely, with the signature of a proper authority, and had service been properly accomplished thereafter, the appeal would not be dismissed solely because of the use of an inappropriate printed form. See Village Creek Homeowners Assn. v. Public Utilities Commission,148 Conn. 336, 340 (1961).
This process is defective on its face.
Connecticut General Statutes 52-45a provides that in all civil actions, "The writ may run into any judicial district and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable." (Emphasis added.) "Without a citation signed by competent authority, the officer to whom it is given for service receives no power or CT Page 2097 authority to execute its command, and becomes little more than a deliveryman.'" Sheehan v. Zoning Commission,173 Conn. 408, 413 (1977). (Emphasis added.) See also Village Creek Homeowners Assn. v. Public Utilities Commission, supra, p. 339.
"The citation, signed by a competent authority, is the warrant which bestows upon the officer to whom it is given for service power to execute its commend. . . Without it, the officer would be little more than a deliveryman. . . Thus a proper citation is essential to the validity of the appeal and the jurisdiction of the court. . ." Simko v. Zoning Board of Appeals, 205 Conn. 413,420 (1987).
In 1992 the Supreme Court determined that "An improperly executed writ or citation does not, therefore, affect the subject matter jurisdiction of the trial court." Brunswick v. Inland Wetlands Commission,222 Conn. 541, 551 (1992). The Brunswick case, supra, involved a circumstance wherein the person who signed the citation, although he was a person who was authorized to sign citations, (General Statutes 52-45a) was otherwise disqualified from signing this particular citation. The court held that such a disqualification was a matter of personal jurisdiction and may be waived by a defendant's failure to file a timely motion to dismiss.
In the present case, it is unnecessary to determine whether the failure to have any signature whatsoever on the citation, a defect which appears in the face of the process, is a matter of subject matter jurisdiction or conversely a matter of personal jurisdiction. The defendant, within the period provided by the Practice Book, i.e. within 30 days from the date of filing its appearance (Practice Book 142) did file its motion to dismiss. The court determines that by virtue of the failure of the process to include a citation signed by a competent authority, the court lacks personal jurisdiction in this matter, and that the defendant did not waive its right to assert lack of personal jurisdiction.
The defendant also properly contends that the writ is defective as to form as it contains no return date (see CT Page 2098 Pogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 435 (1989). Such omission would be defective as to form and would cause an otherwise valid process to be voidable and subject to dismissal.
The defendant also properly contends that the writ lacks a bond for prosecution or recognizance. General Statutes 8-8(h). Whether such defect could have been cured by amendment to a process which had contained an otherwise properly signed and served citation is academic (see Sheehan v. Zoning Commission, supra, p. 412, 413). This process contained no bond for prosecution, lacks a return day, and was not signed by any proper officer. The form could not be signed by the Court Clerk if it was or had been presented to the Clerk for his signature, as it was defective as to form and contained no bond for prosecution. Practice Book 49; Brunswick v. Inland Wetlands Commission, supra, p. 554. The plaintiff acknowledges that the Court Clerk, per the instructions on the form, is not permitted to give any legal advice in connection with any lawsuit.
The court is without jurisdiction to handle this matter. Whether the failure to have the citation signed by a competent authority is failure of subject matter jurisdiction (Simko v. Zoning Board of Appeals, supra, p. 419) or results in lack of personal jurisdiction, rather than subject matter jurisdiction, in the most liberal interpretation of Brunswick v. Inland Wetlands Commission, supra, p. 550, 551, results in the same conclusion. The court clearly lacks jurisdiction.
II. Insufficiency of Service of Process
The defendant further claims that the failure to make service upon the Chairman or Clerk of the Zoning Board of Appeals causes the court to lack subject matter jurisdiction over this appeal. General Statutes 8-8(e) requires that "service shall be made by leaving a true and attested copy of the process with or at the usual place of abode of the Chairman or Clerk of the board. . . ."
Even if the process had been signed by a competent authority, had contained a return date, and had contained CT Page 2099 a bond or recognizance, there would have been no service process upon the Zoning Board. The failure to accomplish the act which would be service of process upon the zoning board prevents the court from having jurisdiction over this matter. See Andrew Ansaldi Co. v. Planning Zoning Commission, 207 Conn. 67, 69, 70 (1988).
Although the Supreme Court has liberally construed General Statutes 8-8e to validate service where the Zoning Board has been named as a party, but where however the citation did not specifically direct service upon the Clerk or the Chairman of the Board, such process has been deemed valid so long as the sheriff (constable) did in fact "leave a true and attested copy of the appeal with its chairman." See Sevento [Ilvento] v. Frattali, 210 Conn. 432,433 (1989). See similar holdings in Spicer v. Zoning Commission, 212 Conn. 375, 379 (1989) and Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 489
(1988) where failure to name the Town Clerk in the citation did not subject the appeal to dismissal provided that a true and attested copy was actually left with the Town Clerk as directed by Connecticut General Statutes8-8(e) .
The Supreme Court, in Spicer v. Zoning Commission, supra, p. 379, 380 distinguishes those circumstances where process was actually left with the Chairman or Clerk of the Board from the circumstances of Andrew Ansaldi Co. v. Planning Zoning Commission, supra, wherein no process was left with or at the usual place of abode of the Chairman or Clerk of the Zoning Board. In the latter circumstances the court lacks subject matter jurisdiction.
Finally, in reaffirmation of the necessity to serve the process upon the Zoning Board, General Statutes8-8(f) states "However, failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal." (Emphasis added). Thus the statute reaffirms the necessity of at least doing the act which would constitute service upon the zoning board as a necessary condition for jurisdiction.
This court concludes that even if the process had CT Page 2100 been valid and complete, with a properly signed citation, the failure to "leave a true and attested copy of the process with or at the usual place of abode of the Chairman or Clerk of the board. . ." causes this court to not have subject matter jurisdiction over this appeal. Simko v. Zoning Board of Appeals, supra, 419.
Where the want of jurisdiction appears on the face of the record, the motion to dismiss must be granted. Village Creek Homeowners Assn. v. Public Utilities Commission, supra, 339, 340.
For the reasons set forth herein the motion to dismiss is granted.
Sullivan, J.