[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On December 7, 1992 the plaintiff applied to the Inland Wetlands Commission of the Town of East Hartford to conduct a regulated activity for the construction of single family residences on Lots 1 and 2 on Davis Road in East Hartford. Lot 1 contains wetlands in the northwest portion of the property. All construction activity on the lot including the regulated activity of excavating 150 cubic yards of fill and the depositing of 25 cubic yards of proposed gravel was to be conducted within the 200 foot regulated buffer area. Lot 2 contained no wetlands. All construction activity on that lot however, including the regulated activity of excavating 150 cubic yards of fill and depositing of 25 cubic yards of processed gravel was to be conducted within the 200 feet regulated buffer zone. The application submitted on December 7, 1992 was heard by the Commission on December 22, 1992. Testimony in favor of the applications was presented by plaintiff's CT Page 5818-N counsel, Attorney Leonard Jacobs, who was accompanied by Michael L. Tarbell, a licensed land surveyor. Mr. Tarbell, a land surveyor, but not a soil scientist, testified that in his opinion there was no activity in the wetlands and there was no significant activity. At the hearing, Commission members expressed for the record their personal observations on the site. Several commissioners expressed personal observations concerning possible erosion damage to the property.
The court also notes that although the General Statutes and the local regulations require a public hearing when "significant activity" is involved, the East Hartford Commission determined that the application before the court concerned no "significant activity" and did not hold a public hearing.
The evidence at the Commission meeting fell generally into four broad categories. The argument and testimony of the applicant's attorney, the opinions expressed by the applicant's surveyor, the opinions expressed by Commission members, and a memorandum prepared by the town engineer of the Town of East Hartford. In his memorandum the town engineer stated that the grading on Lots 1 and 2 had generally been kept to the front and sides of the lot. He further stated that the houses are located near the front of the lots and that the houses, driveways and utilities conform with appropriate regulations. He pointed out that on Lot 1 all of the activities take place in the buffer area and "there should be no impact to the wetlands." He further stated that Lot 2 has no wetlands and the activities will "not impact the wetlands" (Exhibit 10). The town engineer concluded with the statement that the site can be developed with "little or no impact to the wetlands" and finally the statement that "while wearing my inland-wetlands agent hat, I can see that no significant impact will occur. . . ." While he expressed concern concerning the steepness of a gully in the northwest corner of Lot 1 it appears in reading his comments that his concerns were not directly related to inland wetland matters.
AGGRIEVEMENT
The evidence was clear at trial that the plaintiff is the owner of Lots 1 and 2 and the applicant for the permit which was denied. The plaintiff has continued to own the lots up to and including the date of trial. Aggrievement was not contested by the town and the court finds the applicant to be aggrieved. CT Page 5818-O
MOTION TO DISMISS
At the argument on this matter the parties also argued the defendant's motion to dismiss the appeal. The Commission had moved to dismiss because the town clerk of the Town of East Hartford was neither cited nor served with a copy of the appeal and as a result the defendant claimed that the court lacked subject matter jurisdiction.
The appeal is taken pursuant to § 22a-43(a) of the Connecticut General Statutes. That section provides in pertinent part:
 "Any person aggrieved by any . . . decision . . . by the commissioner, district or municipality . . . may, within the time specified in subsection (b) of § 8-8
from the publication of such . . . decision . . . appeal to the superior court . . . Notice of such appeal shall be served upon the inland wetlands agency and the commissioner."
The Commission argues that the reference to § 8-8(b) incorporates all of the requirements of § 8-8 which is the section of the General Statutes generally dealing with zoning appeals. Unquestionably § 8-8
requires service on the town clerk as a matter of notice to the municipality. Confusion concerning service and the naming of parties in the citation mandated by § 8-8(e) is what led to Simko v.Zoning Board of Appeals, 205 Conn. 413 (1987) and its progeny. In effect, the town would argue that wetlands appeals require service accordance with § 8-8(e) and, because the savings provisions of § 8-8(p) and § 8-8(q) are very likely inapplicable to wetlands appeals, the town would have us begin the Simko confusion over again in the area of wetlands appeals.
Section 22a-43(a) only incorporates by its terms the time limits of § 8-8(b). There is nothing in the section which suggests that any of the other provisions of § 8-8 apply to wetlands appeals. The section requires that notice of the appeal be served upon the Inland Wetlands Agency and the commissioner. There is nothing in § 22a-43(a) that tells an appellant how to serve the Inland Wetlands Agency. In the instant case, the agency chairman and the commissioner were served. The court recognizes the possibility of confusion if service were made on someone other than the chairman. While the court recognizes that service on a municipality is normally made on the chief executive officer and/or the town clerk, CT Page 5818-P the section clearly calls for service upon the "Wetlands Agency" and does not call for service upon the municipality. Accordingly, under the facts before it the court finds the service is sufficient and the motion to dismiss is denied.
DISCUSSION
The plaintiff in paragraph 6 subparagraphs A through E of each count claims that the action of the Commission was illegal, arbitrary and capricious in one or more of the respects set forth in the subparagraphs. In essence, the plaintiff's complaint raises three issues. First, the plaintiff complains that the Commission considered matters not within its jurisdiction in arriving at its decision. Second, the plaintiff complains that the agency acted despite evidence that no feasible and prudent alternatives existed and third, although not articulated in this manner, the plaintiff in substance complained that the defendant Commission's actions were not justified by the evidence before it.
An examination of the record substantiates to some extent the plaintiff's complaint that members of the Commission were concerned with the size of the backyards of the dwellings, with the gully, and with other matters that were more properly the concern of the Planning and/or Zoning Commission. However, concern with matters not before it did not have the effect of rendering the Commission's decision void if the evidence supports its decision.
The key to the instant dispute would appear to be found inFeinson v. Conservation Commission, 180 Conn. 421 (1980) andMilardo v. Haddam, 27 Conn. App. 214 (1992). In Feinson the Supreme Court held at page 428-429:
 "If an administrative agency chooses to rely on its own judgment, it has a responsibility to reveal publicly its special knowledge and experience, to give notice of the material facts that are critical to its decision, so that a person adversely affected thereby has an opportunity for rebuttal at an appropriate stage in the administrative proceedings."
An examination of the record indicates that several commissioners expressed grave concerns about erosion damage on the property (R.O.R. No. 21 pp. 7-8, 14-15). The court also observes that the plaintiff failed to produce any expert testimony from a CT Page 5818-Q soil scientist which would support the conclusion that there was no impact on the wetlands. Further, it is the holding of the court that there is nothing in our law that supports the plaintiff's proposition that a Commission's failure to find "significant activity" precludes the finding by the Commission, if otherwise supported by the evidence, that the wetlands maybe affected by the proposed activity.
In the instant case it is true that the conclusion of effect on the wetlands is supported by little more than the lay opinion of Commission members, but it is equally true that the argument that the wetlands are unaffected is supported by little more than lay opinion of the applicant's attorney and surveyor and to a lesser extent by the opinion of the town engineer.
The court notes that our Supreme Court has held:
 "Because it does not appear as a matter of law that there is only one single conclusion that the commission could reasonably reach, a direct order to the commission is legally unwarranted." Feinson at 430.
In a similar vein our Appellate Court has held:
 "Here, the record contains no evidence to indicate whether there are any feasible alternatives to the plaintiff's proposal." Milardo v. Haddam, 27 Conn. App. 214, 225
(1992).
It is the holding of the court that the record though sparse, in the absence of expert testimony in support of the plaintiff's position, supports the finding of the Commission based upon its own considerations. It is further the finding of the court that the record is insufficient to conclude whether there are any other feasible alternatives. Accordingly, the action of the Commission is sustained and the appeal is dismissed.
Kevin E. Booth, Judge