[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Thomas A. Transue seeks a temporary and permanent injunction prohibiting the defendant commission on human rights and opportunities from taking further action on the complaint it initiated against him.
The facts essential to the court's decision are not in dispute. On April 14, 1994, the commission filed a complaint against the plaintiff pursuant to General Statutes § 46a-82 (b), alleging that the plaintiff, a detective sergeant with the Avon Police Department, implemented a discriminatory practice of stopping cars containing African American and Puerto Rican persons traveling through the Town of Avon. The plaintiff filed an answer to the complaint, denying the allegations, on May 20, 1994. The commission commenced an investigation of the complaint but it has not, as of the date of this action, September 16, 1996, issued a finding of reasonable cause or no reasonable cause for believing that the alleged discriminatory acts occurred.
General Statutes § 46a-83 (d)[1] provides, in relevant part, as follows:
 The investigator shall make a finding of reasonable cause or no reasonable cause in writing . . . not later than nine months from the date of filing of the complaint. . . .
On April 23, 1996, our Supreme Court rendered its decision in CT Page 7317Angelsea Productions, Inc. v. Commission on Human Rights andOpportunities, 236 Conn. 681. The court held that the provisions of § 46a-83 (d), quoted above, are mandatory. The court further held that if the commission failed to make a reasonable cause determination within the nine month time period, it was required to dismiss the complaint for lack of jurisdiction.
On May 8, 1996, the legislature enacted Public Act 96-241, which became effective on June 6, 1996. That Act provides, in relevant part and as applicable in this case, as follows:
 Notwithstanding any provision of the general statutes to the contrary, the (commission) shall have jurisdiction over any complaint filed . . . on or before January 1, 1996, which has not been finally adjudicated or resolved by action of the commission, that the commission would have had jurisdiction over but for the failure of the (commission) to comply with the time requirements of (section 46a-83 (d)).
On May 9, 1996, after enactment of the Act but before it took effect, the plaintiff moved for a dismissal of the complaint, citing Angelsea v. CHRO, supra. On May 28, 1996; the commission denied the motion.
In his brief and at oral argument, the plaintiff asserts essentially two grounds for an injunction prohibiting the commission from continuing its investigation and issuing a determination of reasonable cause or no reasonable cause: (1) that Public Act 96-241 is unconstitutional and (2) that theAngelsea decision limits the applicability of the Act to complaints filed within the nine month period preceding January 1, 1996.
The essence of both of the plaintiff's arguments is that the commission lost jurisdiction over the complaint against the plaintiff nine months after it was filed because it did not issue a probable cause determination within that period. Therefore, the plaintiff argues, Public Act 96-241 does not apply to this case. The plaintiff contends that "the legislature cannot simply undo the rule of law enunciated by the Connecticut Supreme Court (inAngelsea)."
The issue that is dispositive of the plaintiff's claims is whether the legislature could validate complaints that would be otherwise dismissible under the rule of Angelsea. Our Supreme Court has answered that question in the affirmative. In CopalboCT Page 7318v. Planning Zoning Board of Appeals, 208 Conn. 480 (1988), the court considered the effect of Public Acts 1988, No. 88-79, on pending zoning appeals that were dismissible under recent Supreme Court decisions; Simko v. Zoning Board of Appeals, 205 Conn. 413
(1987) (Simko I) and Simko v. Zoning Board of Appeals, 206 Conn. 374
(1988) (Simko II). The court held that the legislature had the power to revive, in effect, the jurisdiction of the Superior Court over appeals that were otherwise jurisdictionally defective, stating "The legislature clearly articulated its intent . . . to validate pending zoning appeals that were discovered to have violated § 8-8 (b) after our decisions inSimko I, supra, and Simko II, supra. For the purpose of givingeffect to this obvious legislative intent, we therefore construe § 3(a) of Public Acts 1988, No. 88-79, to encompass not only the failure to name the town clerk as a party in the initial portion of the citation, but also the failure to name him or her for the purpose of directing proper service by the sheriff. Soconstrued, the saving statute allows us to Proceed to considerthe merits of the present appeal." (Emphasis added.) Copalbo,
supra, 208 Conn. 489.
In the present case, the obvious intent of the legislature in enacting Public Act 96-241 was to preserve the jurisdiction of the commission over complaints that would have been otherwise dismissible under the rule of Angelsea. This was a legitimate purpose and does not deprive the plaintiff of any constitutional right.
The plaintiff's application for temporary and permanent injunctions is denied, and judgment thereon may enter for the defendant commission.
MALONEY, J.