[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has attempted to appeal to the Superior Court from a decision of the zoning board of appeals of [East Haven.]
"Practically everything is wrong with this appeal." Willardv. West Hartford, 135 Conn. 303, 304.
On February 3, 1997, the Zoning Enforcement Officer (ZEO) sent a notice citing two violations of the zoning regulations by the plaintiffs. CT Page 2446
The ZEO sent the notice by certified mail and by regular mail. The regular mail was not returned. The certified mail was returned with three notations on the envelope. It was unclaimed.
The attorney for the plaintiff thereafter met with the ZEO. He asked for the papers to file an appeal for the order dated February 3, 1997. The ZEO obliged him. The appeal, dated February 18, 1997, was placed first on the agenda (97-006 Applicant William Van Eck) held March 20, 1997. Neither the attorney nor the plaintiffs attended. The board heard the matter of the ZEO's notice and sustained the ZEO on March 20, 1997.
On April 12, 1997, the ZEO sent a certified letter entitled "Notice of Intent to Institute Action." Again, the ZEO was contacted by the counsel for the plaintiffs, who said he wanted to appeal. The appeal was placed on the agenda (97-024 Applicant-William Van Eck) of May 15, 1997. Counsel for the plaintiffs appeared with his counsel, and argued the matter. The ZBA denied the plaintiff's petition on May 20, 1997.
This appeal followed. The court held a hearing on December 16, 1997. The plaintiff appeared by counsel, who said he chose to stand by his brief, and he was there to rebut any of the defendant's briefs.
Section 8-7, Conn. Gen. Stat. reads in part as follows:
 "An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be takenwithin such a time as is prescribed by a rule adopted by said board, or, if no such rule isadopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof."
Section 8-6(a)(1) Conn. Gen. Stat. empowers a zoning board of appeals to hear alleged errors in the enforcement of the zoning ordinance.
There is no evidence of any other appeal pending during the thirty day period. An appeal was filed under date of April 20, 1997 was filed by the plaintiff.
"We recently addressed this very issue in Koepke v. ZoningCT Page 2447 Board of Appeals, 30 Conn. App. 395, 3098, 620 A.2d 811
(1993), where we held that `the thirty day limit of General Statutes § 8-7 is mandatory in nature and . . . any appeal not taken within thirty days is invalid."
 "There is no question but that the appeal was taken ninety-eight days after the decision of the zoning enforcement officer. The [East Haven] zoning board of appeals had not adopted a rule regarding the time in which to appeal a decision of the zoning enforcement officer. Because the board of appeals has not adopted a specific period within which to appeal, and because the thirty day limit stated in General Statutes § 8-7
is mandatory in nature the appeal taken by the plaintiffs from the decision of the zoning enforcement officer was untimely and the board lacked subject matter jurisdiction to hear the appeal."Bosley v. Zoning Board of Appeals, 30 Conn. App. 797, 800.
"An appeal taken to the zoning board of appeals more than thirty days after the challenged order or decision is too late and the board has no subject matter jurisdiction over it." Fuller, "Land Use Law and Practice,:" § 8.6.
 "We conclude that the thirty day time limit is mandatory in nature. The thirty day time limit is analogous to a statute of limitation and, therefore, [Oygard] was required to pursue her appeal within thirty days or such right would lapse." Koepke v. Zoning Board of Appeals, 30 Conn. App. 395, 399 denied on other grounds; 230 Conn. 459.
Although the court has found that the court cannot hear the matter due to the time limitation, being jurisdictional, the appeal contains other jurisdictional facts which the court feels bears pointing out.
"Where lack of jurisdiction comes to the court's attention, it can raise it on its own motion." Fuller, p. 484 (1997); ParkCity Hospital v. Commission on Hospital Health Care,210 Conn. 697, 702.
a. No statutory right to appeal except by statute, Tazza v.Planning and Zoning Commission of Town of Westport,164 Conn. 187, 190; Fuller, p. 485. CT Page 2448
b. Improper naming on both the municipal clerk and the agency.Simko v. Zoning Board of Appeals of Town of Fairfield,205 Conn. 413, 418; Fuller, p. 486.
c. Improper service on both the municipal clerk and on the clerk. Colburn v. Zoning Commission of Town of Marlborough,13 Conn. App. 165; Fuller, 486.
d. Lack of a proper citation. Simko v. Zoning Board ofAppeals of Town of Fairfield, 205 Conn. 413, 420; Fuller, p. 486.
e. Lack of a properly signed citation. Village CreekHomeowners Assn. v. Public Utilities Commission, 148 Conn. 336,339; Fuller, p. 487.
f. Failure to use the proper forms to writ. Forms 204.7 and 204.8. P.B. Section 49; Fuller, p. 490.
g. Failure to include statutory bond. Corden v. Zoning Boardof Appeals of City of Waterbury, 131 Conn. 654, 657.
h. Failure to allege the specifics of aggrievement. Goldsteinv. Zoning Commission of City of Waterbury, 157 Conn. 595.
The foregoing are a compendium of lacunae in the appeal in the case.
"The appeal provisions of the statute are jurisdictional in nature, and, if not complied with render the appeal petition subject to dismissal." Basilicato v. DPUC, 197 Conn. 320, 324.
 "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of its must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."
Woodmont Assn. v. Milford, 85 Conn. 517, 524.
The appeal is dismissed.
BURNS, Judge Trial Referee CT Page 2449