## THOMAS TAYLOR, SR. *v.* COMMISSIONER OF REVENUE SERVICES

Superior Court, Judicial District of New Britain, Tax Session
File No. CV-03 0520598S

Memorandum filed February 25, 2004

*Heffernan & Heffernan,* for the plaintiff.

*Rupal Shah Palanki,* assistant attorney general, and *Louis P. Bucari, Jr.,* tax litigation director of revenue services, for the defendant.

HON. ARNOLD W. ARONSON, JUDGE TRIAL REFEREE. The plaintiff, Thomas Taylor, Sr., the operator of the Mountain Top Liquors store in Cheshire, appeals a jeopardy assessment levied against him for unpaid sales and use taxes as a result of an audit by the defendant, the commissioner of revenue services (commissioner), covering the period from January 1, 1994, through December 31, 2001. The commissioner originally conducted an audit of the plaintiff's business for the period from January 1, 1999, to December 31, 2001. While the audit was being conducted, the plaintiff took advantage of an announced Connecticut tax amnesty program and disclosed to the commissioner that he underreported his sales taxes, a violation of the Sales and Use Tax Act, General Statutes § 12-406 et seq. As a consequence of this disclosure, the commissioner extended the audit of the plaintiff back to January 1, 1994, resulting in the present deficiency assessment. The commissioner issued a jeopardy assessment against the plaintiff in the amount of $1,112,746.73 pursuant to General Statutes § 12-417 and sent notice of this assessment to the plaintiff by certified mail on February 20, 2003. On March 4, 2003, the plaintiff, pursuant to § 12-417, filed a petition for reassessment and stay of collection with the commissioner. The plaintiff's petition recited that he was served with the notice of assessment on February 23, 2003, and that he filed the petition within the ten day period required by § 12-417.

The commissioner rejected the plaintiff's petition on the ground that it was untimely filed.

The plaintiff brings the present appeal from the decision of the commissioner rejecting and refusing to consider his petition for reassessment and stay of collection. The commissioner now seeks to have this appeal dismissed for lack of subject matter jurisdiction on the ground that the plaintiff failed to exhaust his administrative remedies.

The commissioner claims that § 12-417[1] requires that the plaintiff file a petition for reassessment within ten days from the date of the mailing of the notice of the assessment and that failure to do so results in the jeopardy assessment becoming final. The commissioner contends that the end of the ten day period fell on Sunday, March 2, 2003, therefore requiring the plaintiff to file an appeal by March 3, 2003. The commissioner further contends that because the petition was not filed until March 4, 2003, the present appeal must fail for lack of subject matter jurisdiction.

The plaintiff opposes this motion to dismiss on three theories. The plaintiff's first theory is that this appeal is governed by the provisions of General Statutes § 12-422, which provides for a thirty day appeal period, not

---

[1] General Statutes § 12-417 (1) provides. "If the commissioner believes that the collection of any tax or any amount of tax required to be collected and paid to the state or of any assessment will be jeopardized by delay, the commissioner shall make an assessment of the tax or amount of tax required to be collected, noting that fact upon the assessment and serving written notice thereof, personally or by mail, in the manner prescribed for service of notice of a deficiency assessment, on the person against whom the jeopardy assessment is made. Ten days after the date on which such notice is served on such person, such notice shall constitute a final assessment except only for such amounts as to which such person has filed a written petition for reassessment with the commissioner, as provided in subdivision (3) of this section."

Subdivision (3) of § 12-417 permits a taxpayer to file a petition for reassessment and stay of collection with the commissioner "on or before the tenth day after the service upon such person of notice of the jeopardy assessment. . . ."

§ 12-417, and therefore, this court does have jurisdiction to entertain this appeal. The plaintiff's second theory is that the notice of assessment served on the plaintiff was vague and insufficient to apprise the plaintiff of the proper time to appeal. The third theory is that the ten day appeal period commenced with the receipt of notice by the plaintiff on February 23, 2003, not February 20, 2003, as claimed by the commissioner.

The court agrees with the commissioner that the appeal process in a jeopardy assessment is a two step process beginning with an initial administrative appeal before the commissioner, then followed by an appeal from the commissioner's administrative decision to the Superior Court. The commissioner claims that the plaintiff cannot maintain this appeal pursuant to § 12-422[2] without first engaging in an appeal at the administrative level by petitioning the commissioner for a reassessment under General Statutes § 12-418 (1) (B). The present appeal, however, is actually taken from a decision by the commissioner denying the plaintiff's petition. Since the plaintiff is appealing the commissioner's decision not to grant his petition for reassessment, § 12-422 forms the proper basis for the present appeal.

[2] General Statutes § 12-422 provides in pertinent part: "Appeal. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the Commissioner of Revenue Services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of New Britain . . . ."

General Statutes § 12-418 (1) (B) provides in pertinent part: "Any person against whom an assessment is made under section 12-417 . . . may petition for a reassessment not later than ten days after service of notice upon such person. If a petition for reassessment is not filed within such ten-day period, the assessment becomes final at the expiration of the period." Section 12-418 (2) provides for an oral hearing by the commissioner upon the taxpayer filing a petition for reassessment under § 12-418 (1) (B). "The order or decision of the commissioner upon a petition for reassessment becomes final one month after service upon the petitioner of notice thereof unless within such period the petitioner seeks judicial review of the commissioner's order or decision pursuant to section 12-422." General Statutes § 12-418 (4).

The billing notice issued by the commissioner recites as follows: "This is a notice of jeopardy assessment! [Pursuant] to Connecticut General Statutes section 12-417, application for hearing stating specific objections to the assessment must be filed with the commissioner of revenue services within 10 days after the above statement date or the assessment will be final. For additional information, regarding the appeal process, call (860) 297-4775."

The statement furnished to the plaintiff further recites that interest is calculated through February, 2003, although the notice refers to a billing date of February 20, 2003. The statement also refers to a total tax assessment of $1,112,746.73 dated as of February 28, 2003. The plaintiff claims that the statement is vague as to whether the appeal date runs from February 20, 2003, the billing date, or February 28, 2003, the date of final billing. The court agrees.

Of critical importance here is the requirement in §§ 12-417 and 12-418 (1) (B) that the petition for reassessment be made within ten days *after service* of the notice of the jeopardy assessment, not from the statement date as recited in the commissioner's notice. Since the statutory time to appeal runs from the date of service, not from any dates or statements in the notice itself, the notice by the commissioner was misleading and contrary to the provisions of § 12-417 and § 12-418 (1) (B). However, the plaintiff recognized that the appeal period ran from the date of service by acknowledging in his petition for reassessment that it was being filed within the ten day period following receipt of the notice.

It is recognized that the failure to file a petition for a reassessment by the commissioner within the ten day period provided in § 12-418 (1) (B) would deprive this court of jurisdiction to hear the plaintiff's complaint.

"[A]ppeals from administrative agencies exist only under statutory authority. . . . We have repeatedly held that statutory appeal provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 419, 533 A.2d 879 (1987), aff'd, 206 Conn. 374, 538 A.2d 202 (1988), modified by Public Acts 1988, No. 88-79, § 1 (b).

The issue to be decided is whether the period for a petition for reassessment, in this instance, runs from the date of mailing on February 20, 2003, or the date of receipt of the notice by the plaintiff on February 23, 2003. The court concludes that the ten day period runs from the date of the receipt of notice by the plaintiff on February 23, 2003.

Both §§ 12-417 (3) and 12-418 (1) (B) provide that a petition for reassessment must be filed within ten days after the service of the notice. Section 12-417 (1) further provides that the commissioner shall serve a written notice of the assessment "personally or by mail, in the manner prescribed for service of notice of a deficiency assessment, on the person against whom the jeopardy assessment is made. . . ." General Statutes § 12-417 (1). Thus, one can see that the legislature provided the commissioner with the option of serving the jeopardy assessment notice by personal service or by mail. The commissioner points out that service by mail is guided by General Statutes § 12-2f. Section 12-2f provides in pertinent part: "Unless otherwise required by the general statutes, service of any notice provided by the Commissioner of Revenue Services may be made by first class mail and shall not require certified or registered mail. . . . [S]ervice of such notice shall be complete at the time of deposit in the United States Post Office . . . . " General Statutes § 12-2f. The notice in the pres-

ent case was mailed by the commissioner to the plaintiff by certified mail with a return receipt showing acceptance of the notice by the plaintiff.

It is noted that if the commissioner simply mailed the notice to the plaintiff on February 20, 2003, the service of the notice, by virtue of § 12-2f, would have been completed on February 20, 2003. It must be decided, however, whether the use of certified mail by the commissioner converted the service by mail to personal service authorized under § 12-417 (1). Intertwined with the issue of service is the claim by the plaintiff that the notice itself was inadequate and deficient. The lack of adequate notice in dealing with a deficiency assessment implicates a person's due process rights. "[T]he due process clauses of the state and federal constitutions require that one subject to a significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard." (Internal quotation marks omitted.) *Burton* v. *Mottolese*, 267 Conn. 1, 18–19, 835 A.2d 998 (2003).[3] The importance of due process is that under a jeopardy assessment, the commissioner may, pursuant to General Statutes § 12-35 (collection of state taxes) immediately seize the plaintiff's assets.

The court agrees with the plaintiff that the commissioner's notice was inartfully drawn so as to confuse the recipient as to whether the compliance date was the billing date of February 20, 2003, or the date of the tax assessment of February 28, 2003, as stated in the notice. The fact that the plaintiff recognized that his appeal period ran from the date of service, however,

---

[3] "The fourteenth amendment to the United States constitution prohibits any state from depriving any person of life, liberty, or property, without due process of law. Article [first], section eight of our state constitution contains the same prohibition and is given the same effect as the fourteenth amendment to the federal constitution." (Internal quotation marks omitted.) *Barnett* v. *Board of Education*, 232 Conn. 198, 214 n.12, 654 A.2d 720 (1995).

vitiates the confusion caused by the language in the notice.

When addressing the service of notice in tax matters, the legislature uses, as an example, language in § 12-417 (1), that the commissioner shall serve "written notice thereof, personally or by mail, *in the manner prescribed for service of notice of a deficiency assessment, on the person against whom the jeopardy assessment is made. . . .*" General Statutes § 12-417 (1). (Emphasis added.) Although this language, as emphasized, appears in a number of tax statutory provisions, the court is unable to discern a statutory definition or description of the *manner prescribed for service of notice of a deficiency assessment.*[4] The only manner of service that can be discerned is the language in § 12-417 that authorizes personal service or service by first class mail.

Although the commissioner could have served the deficiency notice on the plaintiff by first class mail, the commissioner undertook to serve the notice by certified mail and obtained a postal receipt signed by the plaintiff to ensure that the plaintiff had actual notice of the deficiency assessment. This was commendable on the part of the commissioner under these circumstances. The commissioner was obviously aware that she was asking the plaintiff, a liquor store operator, to pay a deficiency of over $1 million within ten days. It must further be recognized that because of intervening Saturdays and Sundays, four of the ten days were not business days, and that normal mail service, as occurred here, takes approximately three days. Anything less than a full ten days notice certainly raises the question of whether the shortness of the notice deprived the plaintiff of due process rights. Even our federal rules recognize that a ten day time limitation period with

[4] See General Statutes §§ 12-416, 12-417, 12-418, 12-425, 12-430, 12-555 and 12-733.

intermediate Saturdays and Sundays and time for mailing adversely affects the issue of timely notice.[5] This may be said because of the enactment by the legislature of the taxpayer's bill of rights dealing with the issue of fairness to the taxpayer. General Statutes § 12-39n provides in pertinent part: "There is created a Connecticut Taxpayer's Bill of Rights to guarantee that the rights, privacy, and property of Connecticut taxpayers are adequately safeguarded and protected during tax assessment, collection and enforcement processes administered under the revenue laws of this state. . . . The rights so guaranteed Connecticut taxpayers in the general statutes and the departmental rules and regulations are  .  .  .  (5) The right to be informed of impending collection actions which require sale or seizure of property or freezing of assets, except jeopardy assessments, and the right to at least thirty days' notice in which to pay the liability or seek further review. (6) The right to have all other collection actions attempted before a jeopardy assessment unless delay will endanger collection and, after a jeopardy assessment, the right to have an immediate review of the jeopardy assessment. (7) The right to seek review, through formal or informal proceedings, of any adverse decisions relating to determinations in the audit or collections process. . . ."

The court concludes that where the commissioner had the statutory discretion to use first class mail or personal service to serve the notice of assessment on

---

[5] Rule 6 of the Federal Rules of Civil Procedure provides in pertinent part: "In computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. . . . When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Rule 6 (e) also provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party under Rule 5 (b) (2) (B) [service by mail] . . . 3 days shall be added to the prescribed period."

the plaintiff, the use of certified mail with return receipt converted the notice from notice by mail to notice by personal service, thereby delaying the commencement of the ten day period to file a petition for reassessment to February 23, 2003, the date of the receipt of the notice by the plaintiff. Of particular importance in reaching this conclusion is the fact that the plaintiff had such a short amount of time to respond to such a large deficiency assessment and the risk of seizure of the plaintiff's property.

Furthermore, it is an established rule of statutory construction to interpret statutes in favor of maintaining subject matter jurisdiction. See *Millward Brown, Inc.* v. *Commissioner of Revenue Services*, 73 Conn. App. 757, 765, 811 A.2d 717 (2002); see also *Rayhall* v. *Akim Co.*, 263 Conn. 328, 339, 819 A.2d 803 (2003). With regard to administrative appeals, it is the policy of the courts of this state to construe "requirements of service and notice so as to preserve the appellate rights of those aggrieved by governmental orders." *Millward Brown, Inc.* v. *Commissioner of Revenue Services*, supra, 765. This is especially so where, as here, there is no evidence of prejudice to the governmental agency because of the delay. Id. Under these circumstances, it is considered appropriate to construe the facts in the present case in favor of subject matter jurisdiction. Id.; see also *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 522, 734 A.2d 551 (1999). Based on the holding in *Bittle*, where the legislature has given the commissioner discretion, a jurisdictional barrier should not be raised against the plaintiff simply because the commissioner undertook the thoughtful approach to make sure the plaintiff had actual notice of the deficiency assessment.

For the reasons that have been stated, the commissioner's motion to dismiss is denied.